STATE v. MITCHELL

[224 N.C. App. 171 (2012)]

STATE OF NORTH CAROLINA
v.
GARLAND CHRISTOPHER MITCHELL

No. COA12-499

Filed 4 December 2012

**1. Search and Seizure—search of automobile—probable cause—passenger's marijuana**

The discovery of marijuana on a passenger in a vehicle supported the belief that the automobile could contain contraband and supplied probable cause for a search of the vehicle. The trial court's conclusion that the officers' search of the rental car after a traffic stop did not violate defendant's Fourth Amendment rights was correct.

**2. Constitutional Law—effective assistance of counsel—failure to move to dismiss—no prejudice**

Defendant received effective assistance of counsel in a prosecution for possession of a firearm by a felon where his trial counsel did not move for a dismissal at the close of all the evidence. The firearm was found in a purse in the glovebox of the car defendant was driving rather than in defendant's actual possession, but there was evidence that defendant controlled the vehicle and that he was aware of its contents. Defendant did not meet his burden of showing prejudice.

**3. Evidence—officer's identification of marijuana—visual and olfactory**

The trial court did not err in a felonious possession of marijuana prosecution by admitting an officer's visual and olfactory identification of the marijuana. Marijuana is distinguishable from other controlled substances that require more technical analyses for positive identification.

**4. Evidence—prior crimes or bad acts—admission of prior convictions—not plain error**

There was no plain error in a prosecution for felonious possession of marijuana, possession of a firearm by a felon, and other offenses where the prosecutor was allowed to ask defendant's witnesses about defendant's prior misdemeanor assault convictions. Defendant's prior conviction for armed robbery, a felony,

had already been properly admitted into evidence; it is highly improbable that mention of his prior misdemeanor assaults changed the jury's verdict.

Appeal by defendant from judgments entered 4 October 2011 and order entered 14 October 2011 by Judge J.B. Allen, Jr. in Superior Court, Alamance County. Heard in the Court of Appeals 14 November 2012.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Amanda P. Little, for the State.*

*James N. Freeman, Jr., for defendant-appellant.*

STROUD, Judge.

## I. Factual Background

On 31 May 2011, Garland Mitchell ("defendant") was indicted for felonious possession of marijuana, possession of a firearm by a felon, being a habitual felon, and misdemeanor possession of drug paraphernalia. Defendant pleaded guilty to possession of drug paraphernalia, but took the remaining charges to a jury trial. The trial court bifurcated the trial, separating the habitual felon charge from the other two. The jury returned verdicts of guilty as to both the felonious marijuana possession charge and possession of a firearm by a felon.

The evidence presented by the state showed that on 26 March 2011, defendant and Ms. Harris, his girlfriend, were traveling in a rental car along Interstate 85/40 near Graham. Officer Lovett, a K-9 Officer of the Graham Police Department, stopped defendant for speeding. When he asked defendant for his license, defendant produced an identification card, not a driver's license. After looking up defendant's information, Officer Lovett discovered that defendant's license was revoked. At that point, Officer Lovett asked defendant and Ms. Harris to step out of the car. Officer Lovett informed them that he intended to write defendant a ticket for driving with a revoked license and let them go, but would walk his K-9 around the car first to verify that they had no contraband. Defendant then told Ms. Harris to take the "blunt" out of her pants, which Officer Lovett identified as a burnt marijuana cigarette.

After retrieving the blunt, Officer Lovett began to search the defendant's vehicle. Officer Edwards, who had responded to the scene, kept watch over defendant and Ms. Harris. Defendant indi-

STATE v. MITCHELL

[224 N.C. App. 171 (2012)]

cated to him that there was a gun in the glove compartment of the vehicle and then Officer Edwards informed Officer Lovett of that fact. Officer Lovett discovered a handgun in a purse in the passenger-side glove compartment and discovered 79.3 grams of marijuana inside a piece of luggage filled with men's clothing located in the trunk.

While Officer Lovett searched the car, Officer Edwards received defendant's consent to search his person. During that search, Officer Edwards found a small black scale with flakes of marijuana on it in defendant's vest pocket and approximately $2,320 in U.S. currency in his pants pocket.

Defendant moved to suppress the marijuana found in the car's trunk and exclude any opinion testimony identifying the substance found in the car and in Ms. Harris' "blunt" as marijuana. The trial court denied defendant's motion to suppress by an order entered 14 October 2011 and, at trial, denied defendant's motion to exclude testimony identifying the substance as marijuana. Defendant's trial counsel renewed her objections to each piece of evidence when the State moved to admit it at trial. After the jury returned verdicts of guilty to both felonious possession of marijuana and possession of a firearm by a felon, defendant pleaded guilty to being a habitual felon and was sentenced to 58-79 months in the Department of Correction. Defendant gave timely notice of appeal in open court.

II. Search of Defendant's Vehicle

[1] Defendant first challenges the police officers' search of the rental car's trunk, claiming that because defendant and Ms. Harris were not under arrest and not threatening the officers, there was no "exigency" to justify the warrantless search. As the State notes in its brief and the trial court noted in its suppression hearing, this search was not a search incident to arrest, to which defendant's arguments might be better suited, but rather was a warrantless search of a motor vehicle for which the State claims the officers had probable cause.

A. Standard of Review

It is well established that the standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting. In addition, findings of fact to which defendant failed to assign error are binding on appeal. Once this Court concludes that the trial court's

STATE v. MITCHELL

[224 N.C. App. 171 (2012)]

findings of fact are supported by the evidence, then this Court's next task is to determine whether the trial court's conclusions of law are supported by the findings. The trial court's conclusions of law are reviewed *de novo* and must be legally correct.

*State v. Eaton*, ___ N.C. App. ___, ___, 707 S.E.2d 642, 644-45 (quotation marks and citation omitted), *disc. rev. denied*, 365 N.C. 202, 710 S.E.2d 25 (2011).

B. Analysis

Defendant does not challenge any of the trial court's factual findings, so they are binding on appeal. *Id.* The only question before us on this issue is whether the trial court's conclusion that the officers' search of the rental car did not violate defendant's Fourth Amendment rights was correct.

The trial court found the following as fact: Officer Lovett stopped defendant for speeding.[1] When Officer Lovett told defendant and Ms. Harris that his dog would walk around the vehicle quickly to ensure that they were not transporting drugs defendant indicated to police that Ms. Harris had a "blunt", i.e. a marijuana cigarette rolled in tobacco, which she then removed from her pants. After discovering the marijuana, Officer Lovett searched the rental car and found 79.3 grams of marijuana in the trunk. The trial court concluded that the above gave Officer Lovett probable cause to search the car. We agree.

"The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." *United States v. Ross*, 456 U.S. 798, 825, 72 L.Ed.2d 572, 594 (1982) (quotation marks and citation omitted). One such exception is the automobile exception. *See State v. Isleib*, 319 N.C. 634, 638-39, 356 S.E.2d 573, 576-77 (1987) (laying out the automobile exception to the normal warrant requirement). "A police officer in the exercise of his duties may search an automobile without a search warrant when the existing facts and circumstances are sufficient to support a reasonable belief that the automobile carries contraband materials." *State v. Holmes*, 109 N.C. App. 615, 621, 428 S.E.2d 277, 280 (quotation marks, citation, and ellipses omitted), *disc. rev. denied*, 334 N.C.

---

1. Defendant does not challenge the initial stop. Therefore, we consider any objection thereto abandoned. N.C.R. App. P. 28(a).

166, 432 S.E.2d 367 (1993). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Ross*, 456 U.S. at 825, 72 L.Ed.2d at 594.

Here, the discovery of marijuana on Ms. Harris, a passenger in the vehicle, "support[s] a reasonable belief that the automobile carries contraband materials." *Holmes*, 109 N.C. App. at 621, 428 S.E.2d at 280. We have held that the mere odor of marijuana or presence of clearly identified paraphernalia constitutes probable cause to search a vehicle. *State v. Greenwood*, 301 N.C. 705, 708, 273 S.E.2d 438, 441 (1981) (holding that the Court of Appeals properly concluded that the *odor* of marijuana emanating from defendant's vehicle constituted probable cause to search the vehicle); *State v. Martin*, 97 N.C. App. 19, 28, 387 S.E.2d 211, 216 (1990) (finding probable cause based on apparent drug paraphernalia seen between the front seats). Clearly if the odor of marijuana alone is sufficient to constitute probable cause, seeing marijuana constitutes probable cause as well. Therefore, Officer Lovett could legally search wherever marijuana might reasonably be found, including the trunk and the luggage therein. *See Ross*, 456 U.S. at 825, 72 L.Ed.2d at 594; *Martin*, 97 N.C. App. at 28, 387 S.E.2d at 216 (finding probable cause as to drug offense based only on paraphernalia "justified the search of defendant's car trunk and its contents."). Defendant's argument is therefore without merit.

### III. Ineffective Assistance of Counsel

[2] Defendant next argues that he received ineffective assistance of counsel when his trial counsel failed to make a motion to dismiss at the close of all evidence. He contends that he was prejudiced by this error because there was insufficient evidence of possession to go to the jury on the charge of possession of a firearm by a felon. We disagree.

The United States Supreme Court has set forth the test for determining whether a defendant received constitutionally ineffective assistance of counsel, which our Supreme Court expressly adopted in *State v. Braswell*, 312 N.C. 553, 562-63, 324 S.E.2d 241, 248 (1985). Pursuant to the two part test,

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed

the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

*State v. Blackmon*, 208 N.C. App. 397, 400, 702 S.E.2d 833, 836 (2010).

To show that he was prejudiced by trial counsel's failure to move for dismissal at the close of all evidence, defendant must show that he would have been entitled to a dismissal had the motion been made. *See id.*

When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered. The trial court must decide only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. When the evidence raises no more than a suspicion of guilt, a motion to dismiss should be granted. However, so long as the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence also permits a reasonable inference of the defendant's innocence.

*State v. Miller*, 363 N.C. 96, 98-99, 678 S.E.2d 592, 594 (2009) (quotation marks and citations omitted).

Defendant was charged with possession of a firearm by a felon under N.C. Gen. Stat. § 14-415.1 (2009). There are two elements to possession of a firearm by a felon: "(1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." *State v. Best*, ___ N.C. App. ___, ___, 713 S.E.2d 556, 561, *disc. rev. denied*, 365 N.C. 361, 718 S.E.2d 397 (2011). It is uncontested that defendant

had been convicted of a felony prior to the date in question. Therefore, the only element we must consider is possession.

> Possession of any item may be actual or constructive. Actual possession requires that a party have physical or personal custody of the item. A person has constructive possession of an item when the item is not in his physical custody, but he nonetheless has the power and intent to control its disposition.

*State v. Alston*, 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998) (citations omitted). Here, defendant did not actually possess the firearm because it was not found in his physical custody, but in a purse in the glovebox of the car he was driving. Therefore, the State was required to prove that defendant had the "power and intent to control its disposition." *Id.*

> [A]n inference of constructive possession can . . . arise from evidence which tends to show that a defendant was the custodian of the vehicle where the [contraband] was found. In fact, the courts in this State have held consistently that the driver of a borrowed car, like the owner of the car, has the power to control the contents of the car. Moreover, power to control the automobile where [contraband] was found *is sufficient, in and of itself*, to give rise to the inference of knowledge and possession sufficient to go to the jury.

*Best*, ___ N.C. App. at ___, 713 S.E.2d at 562 (citation and quotation marks omitted; emphasis added).

Here, the evidence showed that defendant was driving the rental car when Officer Lovett initiated the traffic stop. Further, defendant's interactions with the police showed that he was aware of the contents of the vehicle. He pointed the officers to the marijuana "blunt" in Ms. Harris' pants and stated to Officer Edwards that there was a gun in the glovebox, indicating he was aware of its presence, despite the fact that it was found in Ms. Harris' purse.

Defendant highlights Ms. Harris' testimony that defendant had only been driving a short time and that the gun was hers and argues that he never actually mentioned the gun to Officer Edwards.[2] However, in reviewing a motion to dismiss, the court resolves all

---

1. We note that there was no evidence that the gun in question was registered to Ms. Harris.

"contradictions or conflicts in the evidence . . . in favor of the State" and does not consider "evidence unfavorable to the State." *Miller*, 363 N.C. at 98, 678 S.E.2d at 594 (quotation marks and citations omitted). Therefore, the trial court could not consider this evidence in deciding a motion to dismiss.

Defendant argues that this case is controlled by *State v. Alston*. In *Alston*, the defendant was convicted of possession of a firearm by a felon. *Alston*, 131 N.C. App. at 515, 508 S.E.2d at 316. The defendant was a passenger in a car being driven by his wife. *Id.* The police found a gun, registered to his wife, on the center console in between the defendant and his wife. *Id.* at 515-16, 508 S.E.2d at 316-17. The only evidence linking the defendant to the gun was a statement by one of the children in the car that "Daddy's got a gun." *Id.* at 515, 508 S.E.2d at 316. That statement was not admitted for the truth of the matter asserted, so the court could not consider it. *Id.* at 519, 508 S.E.2d at 319 n.1. This Court found that because the evidence showed no more than mere presence, there was insufficient evidence to support an inference of possession. *Id.* at 519, 508 S.E.2d at 319.

The present case is different from *Alston* in one important respect. Defendant was driving the vehicle here, whereas the defendant in *Alston* was only a passenger. *See id.* at 515, 508 S.E.2d at 316. A driver generally has power to control the vehicle he is driving, even if it not owned by the driver. *Best*, ___ N.C. App. at ___, 713 S.E.2d at 562. "[P]ower to control" the vehicle is sufficient evidence from which it is reasonable to infer possession. *Id.* Further, defendant told Officer Edwards that there was a gun in the glovebox. Thus, there was evidence before the trial court that defendant controlled the vehicle and that he was aware of the contents thereof. Unlike in *Alston*, there is other sufficient incriminating evidence here from which to reasonably infer constructive possession.

As a result, defendant cannot meet his burden to show prejudice from his trial counsel's failure to move to dismiss the possession of a firearm by a felon charge. *See Blackmon*, 208 N.C. App. at 400, 702 S.E.2d at 836. This argument is also overruled.

IV. Visual Identification of Substance as Marijuana

[3] At trial, Officer Lovett identified the substance found in the trunk of defendant's rental car and in the "blunt" handed over by Ms. Harris as marijuana based on his visual and olfactory assessment, over the objection of defendant. Defendant's trial counsel objected to the introduction of this evidence without scientific testing. Defendant

**STATE v. MITCHELL**

[224 N.C. App. 171 (2012)]

argues on appeal that the trial court erred in admitting this opinion testimony without scientific testing. "The trial court's decision regarding what expert testimony to admit will be reversed only for an abuse of discretion." *State v. Alderson*, 173 N.C. App. 344, 350, 618 S.E.2d 844, 848 (2005).[3]

Our decision in this case is governed by this Court's prior decision in *State v. Ferguson*, 204 N.C. App. 451, 694 S.E.2d 470 (2010). In *Ferguson*, we addressed precisely the same argument that defendant makes here—that our Supreme Court's holding in *State v. Llamas-Hernandez*, 363 N.C. 8, 673 S.E.2d 658 (2009), and this Court's decision in *State v. Ward*, 199 N.C. App. 1, 681 S.E.2d 354 (2009), *aff'd*, 364 N.C. 133, 694 S.E.2d 738 (2010), requiring scientific testing for cocaine and prescription pills respectively, applies to marijuana as well. *Ferguson*, 204 N.C. App. at 457, 694 S.E.2d at 475.[4] We specifically noted that marijuana is distinguishable from other controlled substances that require more technical analyses for positive identification. *Id.* In keeping with a long line of cases, we held in *Ferguson* that the State is not required to submit marijuana for chemical analysis. *Id.* We are bound by this Court's prior decision and apply it here. *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

Officer Lovett testified at trial that he had served as a police officer for six years, been involved in numerous marijuana investigations, and received training in the identification of marijuana both in basic law enforcement training and in specialized training as a K-9 officer. He then identified the substance found in both the "blunt" and in the rental car's trunk as marijuana based on its smell and appearance. Such an opinion is proper and the trial court did not abuse its discretion in allowing Officer Lovett's opinion testimony identifying the substance as marijuana. *See Ferguson*, 204 N.C. App. at 457, 694 S.E.2d at 475.

---

3. We note that in this case Officer Lovett was not proffered as an expert. However, where "a defendant fails to request that a witness be properly qualified as an expert, such a finding is deemed implicit in the trial court's admission of the challenged testimony." *State v. Ferguson*, 204 N.C. App. 451, 456-57, 694 S.E.2d 470, 475 (2010) (citation and quotation marks omitted).

4. At the time this Court was considering *Ferguson*, *Ward* had not yet been reviewed by our Supreme Court. *See Ferguson*, 204 N.C. App. at 457, 694 S.E.2d at 475 (citing *Ward*, 199 N.C. App. 1, 681 S.E.2d 354 (2009)). However, this Court's holding in *Ward*—that prescription pills identified by expert opinion must be subjected to chemical analysis—was affirmed by the Supreme Court. *Ward*, 364 N.C. at 148, 694 S.E.2d at 747-48.

## V.  Mention of Defendant's Prior Convictions

**[4]** Finally, defendant contends that it was plain error for the trial court to allow the prosecutor to ask defendant's witnesses whether they were aware of his prior misdemeanor convictions for assault by pointing a gun and assault with a deadly weapon before he testified and when the defendant's witnesses did not testify as to his character for being law-abiding or non-violent on direct examination.[5]

"Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Rollins*, ___ N.C. App. ___, ___, 725 S.E.2d 456, 463 (quotation marks and citation omitted), *app. dismissed*, ___ N.C. ___, 731 S.E.2d 415 (2012). Here, defendant's conviction for armed robbery, a felony, had already been properly admitted into evidence through introduction of the record of his conviction. We find it highly improbable that mention of his prior misdemeanor assaults changed the jury's verdict when evidence of greater crimes also involving use of a weapon was already properly before them. Thus, even assuming that it was error to admit that testimony, we find no plain error as to this issue.

## VI.  Conclusion

We affirm the trial court's order denying defendant's motion to suppress because the police officers had probable cause to search the entirety of the vehicle, including the trunk. We hold that defendant did not receive ineffective assistance of counsel, find no error in the trial court's decision to allow the police officers to identify the marijuana by visual identification, and find no plain error in the mention of defendant's prior convictions at trial.

ORDER AFFIRMED; NO ERROR IN JUDGMENT.

Judges ELMORE and BEASLEY concur.

---

5. There was some confusion at trial as to whether the defense witnesses had testified to defendant's character on direct. In fact, Ms. Harris did testify that the defendant was "wonderful", but his character for non-violence was first brought up by the State on cross-examination of Ms. Harris.