IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-99

No. COA20-140

Filed 6 April 2021

McDowell County, No. 18 CRS 51222-3/480

STATE OF NORTH CAROLINA

v.

BILLY JOE KENNEDY

Appeal by Defendant from judgment entered 22 May 2019 by Judge J. Thomas Davis in McDowell County Superior Court. Heard in the Court of Appeals 26 January 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Kimberly Randolph, for the State.*

*James R. Parish, for Defendant-Appellant.*

GORE, Judge.

Billy Joe Kennedy ("Defendant") appeals from a judgment entered following a jury verdict convicting him of possession of a firearm by a felon, misdemeanor possession of marijuana and drug paraphernalia, and attaining habitual felon status. On appeal, Defendant argues that the trial court erred by denying his motion to dismiss the charge of possession of a firearm by a felon due to insufficiency of the evidence. Specifically, Defendant contends that the State failed to establish his

constructive possession of the firearm found in his vehicle and his convictions for possession of a firearm by a felon and habitual felon should be dismissed. We disagree.

## I.    Background

On 12 July 2018, Lieutenant Derrick McGinnis ("Lt. McGinnis") of the McDowell County Sheriff's office received a call about a suspicious vehicle, and Detective Ryan Crisp ("Det. Crisp") responded to investigate. When Det. Crisp arrived on scene, he saw a white Ford Ranger pickup truck parked on the side of the road. As Det. Crisp approached the truck, he observed Billy Joe Kennedy ("Defendant") exiting the driver's side of the vehicle, and Defendant's girlfriend Amber Honeycutt ("Honeycutt"), sitting in the passenger seat. Shortly thereafter, Lt. McGinnis and other officers arrived on scene due to concerns for officer safety.

Det. Crisp asked if there was anything illegal inside the truck. Defendant said, "Bryon you know I like my pot," and told Det. Crisp that there might be a joint in the ashtray. Defendant said the truck was his, but it was not in his name. Det. Crisp asked Defendant and Honeycutt for consent to search the vehicle and her handbag. Honeycutt consented to a search of her handbag, but Defendant did not consent to a search of the vehicle. Det. Crisp found marijuana inside Honeycutt's handbag, and then directed other officers to search the vehicle.

¶ 4     Officers conducted a search of the vehicle and observed that the bed of the truck was full of household goods.  Defendant did not further object to the search, but instead told the officers, "if you find any dope, it's mine."  While searching an orange backpack sitting on top of the household goods, officers found an unlocked box containing a .22 caliber handgun, a drug pipe, corner baggies, and marijuana.  All the contraband was found together in the largest compartment of the backpack.  Deputy Walker presented the small caliber handgun to Det. Crisp, and Defendant informed the officers that the backpack and the marijuana belonged to him.

¶ 5     When asked if he wanted to make a statement, Defendant wrote out, "Got caught with my pot. I'm sorry, Amber."  Defendant requested that his sister pick up the truck because there was a dog inside the vehicle.  When Defendant's sister arrived, she spoke with him before he was placed in the police vehicle.  Defendant's sister then told Det. Crisp that the handgun belonged to her.

¶ 6     At the hearing, Defendant's sister testified that the backpack belonged to Defendant, but that a friend gave her the gun as a gift. She did not tell Defendant that she placed the gun inside his backpack to transport it to her new home, and she did not give him the lockbox combination.

¶ 7     At trial, Det. Crisp testified that Defendant's sister's testimony was inconsistent with events as they transpired.  Defendant made two motions to dismiss due to insufficiency of the evidence.   The trial court denied both motions.

Defendant appeals.

## II. Motion to Dismiss

¶ 8        On appeal, Defendant argues that the trial court erred in denying his motion to dismiss the charge of possession of a firearm by a felon due to insufficiency of the evidence. Defendant claims that the State failed to establish that he constructively possessed the firearm found in his vehicle. We disagree.

## A. Standard of Review

¶ 9        "[T]he denial of a motion to dismiss for insufficiency of the evidence is a question of law reviewed *de novo* by the appellate court." *State v. Barnett*, 368 N.C. 710, 713, 782 S.E.2d 885, 888 (2016). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and quotation marks omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant[ ] being the perpetrator of such offense." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980).

¶ 10        "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980) (citations omitted). "When considering a motion to dismiss,

the trial court must view the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from that evidence." *State v. Barnett*, 141 N.C. App. 378, 382, 540 S.E.2d 423, 427 (2000) (citations omitted). "If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed." *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002).

## B. Possession of a Firearm by a Felon

¶ 11 In this case, Defendant was charged by indictment with possession of a firearm by a felon in violation of N.C. Gen. Stat. § 14-415.1, which makes it ". . . unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm[.]" N.C. Gen. Stat. § 14-415.1(a) (2020). "Thus, the State need only prove two elements to establish the crime of possession of a firearm by a felon: (1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." *State v. Wood*, 185 N.C. App. 227, 235, 647 S.E.2d 679, 686 (2007).

> Possession of a firearm may be actual or constructive. Actual possession requires that the defendant have physical or personal custody of the firearm. In contrast, the defendant has constructive possession of the firearm when the weapon is not in the defendant's physical custody, but the defendant is aware of its presence and has both the power and intent to control its disposition or use.

> When the defendant does not have exclusive possession of the location where the firearm is found, the State is required to show other incriminating circumstances in order to establish constructive possession. Constructive possession depends on the totality of the circumstances in each case.

*State v. Taylor*, 203 N.C. App. 448, 459, 691 S.E.2d 755, 764 (2010) (internal citations omitted). Here, the State proceeded on a theory of constructive possession because Defendant did not have actual possession of the firearm.

> The requirements of power and intent necessarily imply that a defendant must be aware of the presence of a firearm if he is to be convicted of possessing it. There must be more than mere association or presence linking the person to the item in order to establish constructive possession. . . . Constructive possession cases often include evidence that the defendant had a specific or unique connection to the place where the contraband was found.

*State v. McNeil*, 209 N.C. App. 654, 663-64, 707 S.E.2d 674, 681-82 (2011) (*purgandum*).

> An inference of constructive possession can arise from evidence which tends to show that a defendant was the custodian of the vehicle where the contraband was found. In fact, the courts in this State have held consistently that the driver of a borrowed car, like the owner of the car, has the power to control the contents of the car. Moreover, power to control the automobile where contraband was found *is sufficient, in and of itself*, to give rise to the inference of knowledge and possession sufficient to go to the jury.

*State v. Mitchell*, 224 N.C. App. 171, 177, 735 S.E.2d 438, 443 (2012) (*purgandum*).

¶ 12    In this case, law enforcement officers found the gun inside a backpack while

searching Defendant's vehicle. Defendant was the owner and the driver of the truck, and the owner of the backpack. As this Court has held, "[p]ower to control the vehicle is sufficient evidence from which it is reasonable to infer possession." *Mitchell*, 224 N.C. App. at 178, 735 S.E.2d at 443. Defendant's ownership of the backpack, and the location of the firearm alongside drugs and drug paraphernalia belonging to Defendant is indicative of "a specific or unique connection to the place where the contraband was found." *McNeil*, 209 N.C. App. at 664, 707 S.E.2d at 82. Furthermore, Defendant did not express surprise that a gun was found in the vehicle, nor did he disclaim ownership of it. Under the totality of the circumstances, the State presented substantial circumstantial evidence that a jury could infer Defendant's constructive possession of the firearm.

## III. Conclusion

The trial court did not err in denying Defendant's motion to dismiss for insufficiency of the evidence. The State presented substantial evidence of constructive possession because Defendant's power to control the contents of his vehicle is sufficient to present an inference of knowledge and possession of the firearm found therein.

NO ERROR.

Chief Judge STROUD and Judge ZACHARY concur.