IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-99

 No. COA20-140

 Filed 6 April 2021

 McDowell County, No. 18 CRS 51222-3/480

 STATE OF NORTH CAROLINA

 v.

 BILLY JOE KENNEDY

 Appeal by Defendant from judgment entered 22 May 2019 by Judge J. Thomas

 Davis in McDowell County Superior Court. Heard in the Court of Appeals 26 January

 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kimberly
 Randolph, for the State.

 James R. Parish, for Defendant-Appellant.

 GORE, Judge.

¶1 Billy Joe Kennedy (“Defendant”) appeals from a judgment entered following a

 jury verdict convicting him of possession of a firearm by a felon, misdemeanor

 possession of marijuana and drug paraphernalia, and attaining habitual felon status.

 On appeal, Defendant argues that the trial court erred by denying his motion to

 dismiss the charge of possession of a firearm by a felon due to insufficiency of the

 evidence. Specifically, Defendant contends that the State failed to establish his
 STATE V. KENNEDY

 2021-NCCOA-99

 Opinion of the Court

 constructive possession of the firearm found in his vehicle and his convictions for

 possession of a firearm by a felon and habitual felon should be dismissed.

 We disagree.

 I. Background

¶2 On 12 July 2018, Lieutenant Derrick McGinnis (“Lt. McGinnis”) of the

 McDowell County Sheriff’s office received a call about a suspicious vehicle, and

 Detective Ryan Crisp (“Det. Crisp”) responded to investigate. When Det. Crisp

 arrived on scene, he saw a white Ford Ranger pickup truck parked on the side of the

 road. As Det. Crisp approached the truck, he observed Billy Joe Kennedy

 (“Defendant”) exiting the driver’s side of the vehicle, and Defendant’s girlfriend

 Amber Honeycutt (“Honeycutt”), sitting in the passenger seat. Shortly thereafter, Lt.

 McGinnis and other officers arrived on scene due to concerns for officer safety.

¶3 Det. Crisp asked if there was anything illegal inside the truck. Defendant said,

 “Bryon you know I like my pot,” and told Det. Crisp that there might be a joint in the

 ashtray. Defendant said the truck was his, but it was not in his name. Det. Crisp

 asked Defendant and Honeycutt for consent to search the vehicle and her handbag.

 Honeycutt consented to a search of her handbag, but Defendant did not consent to a

 search of the vehicle. Det. Crisp found marijuana inside Honeycutt’s handbag, and

 then directed other officers to search the vehicle.
 STATE V. KENNEDY

 2021-NCCOA-99

 Opinion of the Court

¶4 Officers conducted a search of the vehicle and observed that the bed of the

 truck was full of household goods. Defendant did not further object to the search, but

 instead told the officers, “if you find any dope, it’s mine.” While searching an orange

 backpack sitting on top of the household goods, officers found an unlocked box

 containing a .22 caliber handgun, a drug pipe, corner baggies, and marijuana. All the

 contraband was found together in the largest compartment of the backpack. Deputy

 Walker presented the small caliber handgun to Det. Crisp, and Defendant informed

 the officers that the backpack and the marijuana belonged to him.

¶5 When asked if he wanted to make a statement, Defendant wrote out, “Got

 caught with my pot. I’m sorry, Amber.” Defendant requested that his sister pick up

 the truck because there was a dog inside the vehicle. When Defendant’s sister

 arrived, she spoke with him before he was placed in the police vehicle. Defendant’s

 sister then told Det. Crisp that the handgun belonged to her.

¶6 At the hearing, Defendant’s sister testified that the backpack belonged to

 Defendant, but that a friend gave her the gun as a gift. She did not tell Defendant

 that she placed the gun inside his backpack to transport it to her new home, and she

 did not give him the lockbox combination.

¶7 At trial, Det. Crisp testified that Defendant’s sister’s testimony was

 inconsistent with events as they transpired. Defendant made two motions to dismiss

 due to insufficiency of the evidence. The trial court denied both motions.
 STATE V. KENNEDY

 2021-NCCOA-99

 Opinion of the Court

 Defendant appeals.

 II. Motion to Dismiss

¶8 On appeal, Defendant argues that the trial court erred in denying his motion

 to dismiss the charge of possession of a firearm by a felon due to insufficiency of the

 evidence. Defendant claims that the State failed to establish that he constructively

 possessed the firearm found in his vehicle. We disagree.

 A. Standard of Review

¶9 “[T]he denial of a motion to dismiss for insufficiency of the evidence is a

 question of law reviewed de novo by the appellate court.” State v. Barnett, 368 N.C.

 710, 713, 782 S.E.2d 885, 888 (2016). “Under a de novo review, the court considers

 the matter anew and freely substitutes its own judgment for that of the lower

 tribunal.” State v. Williams, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008)

 (citation and quotation marks omitted). “Upon defendant’s motion for dismissal, the

 question for the Court is whether there is substantial evidence (1) of each essential

 element of the offense charged, or of a lesser offense included therein, and (2) of

 defendant[ ] being the perpetrator of such offense.” State v. Powell, 299 N.C. 95, 98,

 261 S.E.2d 114, 117 (1980).

¶ 10 “Substantial evidence is such relevant evidence as a reasonable mind might

 accept as adequate to support a conclusion.” State v. Smith, 300 N.C. 71, 78, 265

 S.E.2d 164, 169 (1980) (citations omitted). “When considering a motion to dismiss,
 STATE V. KENNEDY

 2021-NCCOA-99

 Opinion of the Court

 the trial court must view the evidence in the light most favorable to the State, and

 the State is entitled to every reasonable inference to be drawn from that evidence.”

 State v. Barnett, 141 N.C. App. 378, 382, 540 S.E.2d 423, 427 (2000) (citations

 omitted). “If the evidence is sufficient only to raise a suspicion or conjecture as to

 either the commission of the offense or the identity of the defendant as the

 perpetrator of it, the motion should be allowed.” State v. Scott, 356 N.C. 591, 595,

 573 S.E.2d 866, 868 (2002).

 B. Possession of a Firearm by a Felon

¶ 11 In this case, Defendant was charged by indictment with possession of a firearm

 by a felon in violation of N.C. Gen. Stat. § 14-415.1, which makes it “. . . unlawful for

 any person who has been convicted of a felony to purchase, own, possess, or have in

 his custody, care, or control any firearm[.]” N.C. Gen. Stat. § 14-415.1(a) (2020).

 “Thus, the State need only prove two elements to establish the crime of possession of

 a firearm by a felon: (1) defendant was previously convicted of a felony; and (2)

 thereafter possessed a firearm.” State v. Wood, 185 N.C. App. 227, 235, 647 S.E.2d

 679, 686 (2007).

 Possession of a firearm may be actual or constructive.
 Actual possession requires that the defendant have
 physical or personal custody of the firearm. In contrast,
 the defendant has constructive possession of the firearm
 when the weapon is not in the defendant’s physical
 custody, but the defendant is aware of its presence and has
 both the power and intent to control its disposition or use.
 STATE V. KENNEDY

 2021-NCCOA-99

 Opinion of the Court

 When the defendant does not have exclusive possession of
 the location where the firearm is found, the State is
 required to show other incriminating circumstances in
 order to establish constructive possession. Constructive
 possession depends on the totality of the circumstances in
 each case.

 State v. Taylor, 203 N.C. App. 448, 459, 691 S.E.2d 755, 764 (2010) (internal citations

 omitted). Here, the State proceeded on a theory of constructive possession because

 Defendant did not have actual possession of the firearm.

 The requirements of power and intent necessarily imply
 that a defendant must be aware of the presence of a firearm
 if he is to be convicted of possessing it. There must be more
 than mere association or presence linking the person to the
 item in order to establish constructive possession. . . .
 Constructive possession cases often include evidence that
 the defendant had a specific or unique connection to the
 place where the contraband was found.

 State v. McNeil, 209 N.C. App. 654, 663-64, 707 S.E.2d 674, 681-82 (2011)

 (purgandum).

 An inference of constructive possession can arise from
 evidence which tends to show that a defendant was the
 custodian of the vehicle where the contraband was found.
 In fact, the courts in this State have held consistently that
 the driver of a borrowed car, like the owner of the car, has
 the power to control the contents of the car. Moreover,
 power to control the automobile where contraband was
 found is sufficient, in and of itself, to give rise to the
 inference of knowledge and possession sufficient to go to
 the jury.

 State v. Mitchell, 224 N.C. App. 171, 177, 735 S.E.2d 438, 443 (2012) (purgandum).

¶ 12 In this case, law enforcement officers found the gun inside a backpack while
 STATE V. KENNEDY

 2021-NCCOA-99

 Opinion of the Court

 searching Defendant’s vehicle. Defendant was the owner and the driver of the truck,

 and the owner of the backpack. As this Court has held, “[p]ower to control the vehicle

 is sufficient evidence from which it is reasonable to infer possession.” Mitchell, 224

 N.C. App. at 178, 735 S.E.2d at 443. Defendant’s ownership of the backpack, and the

 location of the firearm alongside drugs and drug paraphernalia belonging to

 Defendant is indicative of “a specific or unique connection to the place where the

 contraband was found.” McNeil, 209 N.C. App. at 664, 707 S.E.2d at 82.

 Furthermore, Defendant did not express surprise that a gun was found in the vehicle,

 nor did he disclaim ownership of it. Under the totality of the circumstances, the State

 presented substantial circumstantial evidence that a jury could infer Defendant’s

 constructive possession of the firearm.

 III. Conclusion

¶ 13 The trial court did not err in denying Defendant’s motion to dismiss for

 insufficiency of the evidence. The State presented substantial evidence of

 constructive possession because Defendant’s power to control the contents of his

 vehicle is sufficient to present an inference of knowledge and possession of the firearm

 found therein.

 NO ERROR.

 Chief Judge STROUD and Judge ZACHARY concur.