IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-568

Filed 16 April 2024

Guilford County, Nos. 21 CRS 66424–25

STATE OF NORTH CAROLINA

v.

TYRON LAMONT DOBSON

Appeal by defendant from judgment entered 12 December 2022 by Judge Craig Croom in Guilford County Superior Court. Heard in the Court of Appeals 23 January 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Milind K. Dongre, for the State.*

*BJK Legal, by Benjamin J. Kull, for defendant-appellant.*

*EMANCIPATE NC, by Elizabeth Simpson, amicus curiae.*

ZACHARY, Judge.

Defendant Tyron Lamont Dobson appeals from the judgment entered upon his guilty plea to possession of a firearm by a felon and misdemeanor carrying a concealed firearm. After careful review, we affirm.

## I.  Background

On the evening of 23 January 2021, members of the Greensboro Police Department Street Crimes Unit received a report of a handgun in plain view in the

driver's-door pocket of a black Dodge Charger parked in a lot near several nightclubs and bars in downtown Greensboro. At 10:10 p.m., law enforcement officers observed four individuals enter the Charger and quickly exit the parking lot. The officers followed the Charger and observed it traveling 55 miles per hour in a 45-mile-per-hour zone, after which the officers conducted a traffic stop.

Multiple law enforcement officers approached the Charger, and several smelled what they believed to be the odor of marijuana. Two officers also smelled "a strong odor of cologne" or "a strong fruity odor" about the Charger. The driver of the Charger identified herself as a probation and parole officer and placed her handgun on the dashboard. After the driver exited the vehicle, officers inquired about the odor of marijuana, and the driver explained that she and the passengers had just been in a club and that people had been smoking outside. Based on this information, officers informed the driver that they were going to conduct a probable-cause search of the vehicle for narcotics.

Meanwhile, other officers at the scene collected the identification information of the Charger's remaining occupants and cross-referenced the information through various law enforcement databases. One of the occupants, Defendant, was a convicted felon; another occupant—also a convicted felon—had a criminal history of possessing controlled substances. Officers asked the occupants to exit the vehicle, and as Defendant stepped out, one of the officers noticed what he described as "a retail package of marijuana" where Defendant had been sitting. Upon searching the vehicle,

officers found what they identified as multiple marijuana cigarettes; a cigar with its tobacco "innards" removed and refilled with marijuana; and a still-burning "blunt" next to Defendant's seat. Based on the discovery of this contraband, the odor of marijuana and "the cover scent,"[1] as well as "the odd behavior [that Defendant] was exhibiting," an officer decided to conduct a *Terry* frisk[2] of Defendant's person. The pat-down yielded a firearm lodged in Defendant's waistband, and the officer placed Defendant under arrest.

On 1 March 2021, a Guilford County grand jury returned true bills of indictment charging Defendant with possession of a firearm by a felon; misdemeanor carrying a concealed firearm; and misdemeanor possession of marijuana (up to one-half ounce).

On 21 February 2022, Defendant filed a motion to suppress evidence, which he alleged was unlawfully obtained "based on a vehicle stop conducted without reasonable articulable suspicion." On 8 November 2022, Defendant filed an amended motion to suppress "unlawfully obtained evidence based on a vehicle stop conducted

---

[1] A "cover scent" is "a fragrance or air freshener typically sprayed or released in a vehicle to mask or cover the smell of drugs like marijuana." *State v. Cottrell*, 234 N.C. App. 736, 745, 760 S.E.2d 274, 280 (2014).

[2] *See Terry v. Ohio*, 392 U.S. 1, 30, 20 L. Ed. 2d 889, 911 (1968) (holding that "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous," and when other safeguards are met, the officer may "conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him"). Defendant does not specifically challenge the lawfulness of the *Terry* frisk, which uncovered the firearm that precipitated his convictions in this case; rather, Defendant's appeal concerns only whether probable cause existed to search the Charger.

without reasonable articulable suspicion and [the] subsequent search of Defendant that was unlawful and not supported by probable cause."

On 8 and 9 November 2022, Defendant's amended motion to suppress came on for hearing. At the conclusion of the hearing, the trial court denied Defendant's motion, making extensive findings of fact in open court. Defendant conferred with his attorney after the trial court's ruling, and approximately one hour later, agreed to enter a plea arrangement. Prior to the plea colloquy, defense counsel declared in open court that Defendant intended to plead guilty while reserving his right to appeal the denial of his motion to suppress.

The trial court conducted a plea colloquy with Defendant, and pursuant to the terms of the plea arrangement, the State dismissed the charge of possession of marijuana. The trial court sentenced Defendant to a term of 14–26 months in the custody of the North Carolina Division of Adult Correction, which the trial court suspended for a 24-month term of supervised probation. Following sentencing, Defendant gave notice of appeal in open court.

## II.  Discussion

Defendant asserts that the trial court erred by denying his motion to suppress. Defendant raises several arguments concerning prior opinions of our appellate courts regarding law enforcement officers' identification of marijuana by odor alone. *See, e.g., State v. Mitchell*, 224 N.C. App. 171, 175, 735 S.E.2d 438, 442 (2012) ("We have held that the mere odor of marijuana or [the] presence of clearly identified

paraphernalia constitutes probable cause to search a vehicle."), *appeal dismissed and disc. review denied*, 366 N.C. 578, 740 S.E.2d 466 (2013); *State v. Greenwood*, 47 N.C. App. 731, 741–42, 268 S.E.2d 835, 841 (1980) (affirming denial of motion to suppress where "the officer, trained in the identification of marijuana by its odor, detected the distinct odor of marijuana emanating from [the] defendant's automobile" because "it was reasonable for the officer to assume that the odor originated from [the] defendant's vehicle and that the vehicle contained marijuana"), *rev'd on other grounds*, 301 N.C. 705, 273 S.E.2d 438 (1981).

Like a number of similarly situated appellants before him, Defendant raises questions about the effect of the recent legalization of industrial hemp on those precedents. *See State v. Parker*, 277 N.C. App. 531, 541, 860 S.E.2d 21, 29 ("If the scent of marijuana no longer conclusively indicates the presence of an illegal drug (given that legal hemp and illegal marijuana apparently smell the same), then the scent of marijuana may be insufficient to show probable cause to perform a search."), *appeal dismissed and disc. review denied*, 378 N.C. 366, 860 S.E.2d 917 (2021). *But see State v. Teague*, 286 N.C. App. 160, 179, 879 S.E.2d 881, 896 (2022) ("The passage of the Industrial Hemp Act, in and of itself, did not modify the State's burden of proof at the various stages of our criminal proceedings."), *disc. review denied*, 385 N.C. 311, 891 S.E.2d 281 (2023).

However, in this case, law enforcement officers detected the odor of marijuana *plus* a cover scent. Accordingly, "we need not determine whether the scent . . . of

marijuana *alone* remains sufficient to grant an officer probable cause to search a vehicle." *State v. Springs*, ___ N.C. App. ___, ___, 897 S.E.2d 30, 37 (2024) (emphasis added) (citation omitted).

Indeed, in his reply brief, Defendant notes that the "ultimate disagreement" between the parties is simply whether the totality of the circumstances supports the trial court's conclusion that probable cause existed to search the car. Therefore, we need only review the trial court's findings of fact and conclusions of law in its order denying Defendant's motion to suppress.

## A. Standard of Review

"In evaluating the denial of a motion to suppress, the reviewing court must determine whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law." *Teague*, 286 N.C. App. at 167, 879 S.E.2d at 889 (citation omitted). "The trial court's findings of fact on a motion to suppress are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting. Findings of fact that are not challenged on appeal are deemed to be supported by competent evidence and are binding upon this Court." *Id.* (cleaned up). "Conclusions of law are reviewed de novo and are fully reviewable on appeal." *Id.* (citation omitted).

## B. Analysis

"Generally, a warrant is required for every search and seizure. However, it is a well-established rule that a search warrant is not required before a lawful search

based on probable cause of a motor vehicle in a public vehicular area may take place." *Springs*, ___ N.C. App. at ___, 897 S.E.2d at 36–37 (cleaned up). "Thus, an officer may search an automobile without a warrant if he has probable cause to believe the vehicle contains contraband." *Id.* at ___, 897 S.E.2d at 37 (cleaned up).

Defendant first challenges those portions of the trial court's findings of fact concerning whether "any officer ever smelled the odor of marijuana" because "in light of the advent of legal hemp, it is now impossible for any law enforcement officer—whether human or canine—to identify 'the odor of marijuana' with only her nose." "At most," Defendant contends, "a properly trained officer is now only capable of detecting an odor that *may* be marijuana—but that may also be legal hemp."

Yet, contrary to Defendant's arguments, the legalization of industrial hemp did not eliminate the significance of detecting "the odor of marijuana" for the purposes of a motion to suppress. The legalization of industrial hemp "has not changed the State's burden of proof to overcome a motion to suppress." *Teague*, 286 N.C. App. at 179 n.6, 879 S.E.2d at 896 n.6.

Indeed, to the extent that Defendant challenges these portions of the trial court's findings of fact because of their potential to suggest, by implication, that the officers *actually smelled marijuana*, any such concern is irrelevant to the dispositive issue. Ultimately, the significance of these findings is that the officers *smelled the odor of marijuana*, an odor that we have previously concluded continues to implicate the probable cause determination despite the legalization of industrial hemp. *See id.*

at 178–79, 879 S.E.2d at 895–96. Defendant's argument is overruled.

Defendant also challenges the portion of the trial court's conclusion of law 12 in which the trial court recounts "the driver's statement that she and the occupants of the Charger were in a club where marijuana was smoked[.]"[3] Defendant alleges that this phrase is an inaccurate recitation of the driver's statement because "[t]he driver only mentioned that people were smoking outside of the club—not inside of it." Similarly, Defendant challenges the final sentence of finding of fact 10, which states: "The driver was asked to step out of the car. The officers informed the driver of the smell of marijuana. *She stated the smell may have come from the club they visited.*" (Emphasis added). In that this challenged sentence substantially reflects the same issue regarding the driver's statement, our analysis is the same.

Defendant correctly notes that the trial court did not precisely quote the driver. Our careful review of the video evidence in the record shows that when an officer asked the driver about the presence of marijuana, she answered that the group had been in a club outside of which people were smoking, but she did not specifically mention marijuana. Even assuming, *arguendo*, that there was error in the trial court's findings of fact regarding the driver's statement, any such error does not undermine the trial court's conclusion that sufficient probable cause existed to search

---

[3] To the extent that this conclusion of law is more accurately deemed a finding of fact, we shall review it as such. *See State v. Johnson*, 246 N.C. App. 677, 683, 783 S.E.2d 753, 758 (2016) ("[W]e do not base our review of findings of fact and conclusions of law on the label in the order, but rather, on the substance of the finding or conclusion.").

the vehicle, because the driver's statement was not dispositive to that conclusion.

As stated above, the odor of marijuana was not the sole basis providing the officers with probable cause to search the vehicle. In this case, law enforcement officers detected the odor of marijuana *plus* a cover scent.

On this point, Defendant challenges the portions of findings of fact 11 and 13 that refer to a strong odor detected by law enforcement officers at the same time that they smelled the odor of marijuana. In finding of fact 11, the trial court found that a detective "noticed a strong odor of cologne and a faint odor of marijuana" and that, "[b]ased on [the detective]'s training and experience, he has experienced cologne as a cover scent for marijuana." In finding of fact 13, the trial court found that a sergeant "also smelled a strong fruity odor and burnt marijuana once he arrived on the scene."

Defendant cites *State v. Cottrell*, in which this Court concluded that "a strong incense-like fragrance, which the officer believe[d] to be a 'cover scent,' and [the defendant's] known felony and drug history [we]re not, without more, sufficient to support a finding of reasonable suspicion of criminal activity." 234 N.C. App. at 745, 760 S.E.2d at 280–81. Citing *Cottrell*, Defendant contends that these findings of fact cannot support the trial court's conclusion of probable cause. But his reliance is inapposite. *Cottrell* and the cases upon which it relied concerned investigations in which the "cover scent" *alone* was detected—i.e., *absent* any odor of marijuana or other illegal substances. *See id.* at 745–46, 760 S.E.2d at 281 (collecting cases).

By contrast, the findings of fact that Defendant challenges here explicitly

reference both the "cover scent" as well as the odor of marijuana. The detection—by several officers—of the cover scent provides a basis *"in addition to the odor of marijuana* to support probable cause to search the vehicle[.]" *Springs*, ___ N.C. App. at ___, 897 S.E.2d at 37 (emphasis added); *see also Teague*, 286 N.C. App. at 179 n.6, 879 S.E.2d at 896 n.6. Accordingly, this challenge also fails.

## III.  Conclusion

For the foregoing reasons, the trial court did not err by denying Defendant's motion to suppress. Accordingly, the judgment is affirmed.

AFFIRMED.

Judges MURPHY and COLLINS concur.