An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-308

Filed 18 February 2026

Nash County, No. 22CR051071-630

STATE OF NORTH CAROLINA

v.

JAMAL JONES

Appeal by defendant from judgment entered 29 November 2023 by Judge Timothy W. Wilson in Nash County Superior Court. Heard in the Court of Appeals 23 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Dylan C. Sugar, for the State.*
>
> *Center for Death Penalty Litigation, by Matthew Propper, for defendant.*

FREEMAN, Judge.

Defendant appeals from judgment after the jury returned guilty verdicts of trafficking in opioids by transportation and by possession. On appeal, defendant argues that he received ineffective assistance of counsel by his trial attorney, who also represented the co-defendant in the matter. After careful review, we remand for an evidentiary hearing to determine whether there was an actual conflict of interest.

## I.    Factual and Procedural History

The evidence presented at trial tended to show the following. On 4 April 2022, defendant drove a rental car with Niseer Mann in the passenger seat. Sheriff Keith Stone, Captain Christopher Cary, and Lieutenant Jeff Sherrod of the Nash County Sheriff's Office—on their way to a luncheon together—noticed defendant repeatedly weaving over the yellow fog line and pulled up next to them. Sheriff Stone also noticed that defendant was using a cell phone above the steering wheel and pulled him over.

When Sheriff Stone approached the car, he observed that defendant seemed "agitated and nervous." He then "smelled the odor of marijuana in the vehicle" and asked defendant to exit the vehicle. Defendant questioned why he needed to exit the vehicle but complied. Mann stayed in the passenger seat "in a reclined position, looking straight ahead."

The officers called a K-9 unit to investigate the marijuana odor, and Deputy David Mooring and his canine, Keiser, conducted a free-air sniff around the car. Keiser alerted at the rear door of the passenger side of the vehicle. After searching the car, the officers found a camera bag filled with suspected heroin. The camera bag was in the center of the backseat floorboard area, within reaching distance of both the driver and passenger seats. The State Crime Lab later confirmed there were approximately 16.7832 grams of opioids in the camera bag.

Defendant and Mann were subsequently arrested. On 8 August 2022,

defendant was indicted for trafficking in more than 28 grams of heroin by delivery, trafficking more than 28 grams of heroin by sale, and maintaining a vehicle to keep and sell a controlled substance. On 12 June 2023, the State issued superseding indictments of trafficking of more than 14 grams but less than 28 grams of opioids by delivery and by sale, and maintaining a vehicle to keep and sell a controlled substance.

Defendant's matter came on for trial on 27 November 2023. Attorney Thomas J. Moore, II, jointly represented both defendant and Mann. The trial court did not conduct an inquiry into any potential conflicts of interest. At the outset of the trial, the State dismissed the charge of maintaining a vehicle to keep and sell a controlled substance. The State also moved to amend the superseding indictment because the charges were mislabeled, as the charges should have been "trafficking by transport and trafficking by possession" instead of "trafficking by delivery and the other by sale." The trial court granted the State's motion.

On 29 November 2023, the jury returned guilty verdicts on the charges of trafficking in opioids by transportation and trafficking in opioids by possession. The trial court sentenced defendant to 90 to 120 months' imprisonment. Defendant gave oral notice of appeal in open court.

## II.    Jurisdiction

This Court has jurisdiction to review "any final judgment of a superior court, other than one based on a plea of guilty of nolo contendere . . . ." N.C.G.S.

§ 7A-27(b)(1) (2025). Accordingly, we have jurisdiction over defendant's appeal of right.

## III.    Standard of Review

"[T]his Court reviews whether a defendant was denied effective assistance of counsel de novo." *State v. Wilson*, 236 N.C. App. 472, 475 (2014). Therefore, ineffective assistance of counsel claims "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166 (2001). We review ineffective assistance of counsel claims based on a conflict of interest with the four-step framework established in *Cuyler v. Sullivan*, 446 U.S. 335 (1980). *See State v. Williams*, 285 N.C. App. 215, 232 (2022).

## IV.    Discussion

Defendant argues that he received ineffective assistance of counsel because trial counsel's representation of both co-defendants "created an actual conflict of interest that prevented his presentation of a coherent defense to possession and precluded any meaningful cross-examination of law enforcement witnesses." Defendant specifically maintains that the "only coherent defense" was to imply that Mann solely possessed the opioids, which trial counsel was prohibited from doing because of his co-representation of Mann.

"A defendant in a criminal proceeding has the right to effective assistance of

counsel under both the federal and state constitutions." *State v. Choudhry*, 365 N.C. 215, 219 (2011). "The right to counsel includes a right to 'representation that is free from conflicts of interests.'" *State v. Mims*, 180 N.C. App. 403, 409 (2006) (quoting *Wood v. Georgia*, 450 U.S. 261, 271 (1981)).

> A conflict of interest arises where "the representation of one client will be directly adverse to another client" or "the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer."

*State v. Lynch*, 275 N.C. App. 296, 299 (2020) (quoting N.C. R. Pro. Conduct 1.7(a) (2019)).

Ordinarily to prove ineffective assistance of counsel, a "defendant must show that counsel's performance was deficient[,]" and "that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord State v. Braswell*, 312 N.C. 553, 562 (1985). When an ineffective assistance of counsel claim is based on a conflict of interest, however, we use the analytical framework provided in *Cuyler v. Sullivan*, 446 U.S. 335 (1980). *See State v. Williams*, 285 N.C. App. 215, 232 (2022). Our Court has described this analysis under *Sullivan* requires a multi-step inquiry:

> First, we ask whether the trial court had notice of the conflict such that it was required to inquire into the conflict. Second, we determine whether the trial court conducted an adequate inquiry into the conflict. If the trial court conducted an adequate inquiry, our review ends. . . . But if the trial court did not conduct an adequate inquiry,

we third consider whether the defendant objected to the conflict issue at trial; if the defendant objected to the conflict, we must reverse. . . . If, however, the defendant did not object to the conflict, we move to the fourth step and determine whether the defendant can establish an actual conflict of interest adversely affected his [or her] lawyer's performance. If a defendant can establish such adverse performance, we presume prejudice. If a defendant cannot establish adverse performance, we move to the fifth and final step and determine whether the defendant can show prejudice and thus obtain relief.

*Id.* at 233 (cleaned up).

"Absent special circumstances . . . trial courts may assume either that multiple representation entails no conflict or that the lawyer and [their] clients knowingly accept such risk of conflict as may exist." *Sullivan*, 446 U.S. at 346–47. "[W]hen the court knows or reasonably should know of a particular conflict that court must inquire into the propriety of multiple representation[.]" *Choudhry*, 365 N.C. at 220 (cleaned up). In this situation,

[i]f the trial court fails to inquire into the conflict, or the trial court's inquiry is inadequate or incomplete, reversal is automatic only if the defendant objected to the conflict issue at trial. If the defendant did not object to the conflict issue and the trial court failed to adequately conduct the required inquiry, prejudice will be presumed under *Sullivan* only if a defendant can establish on appeal that an actual conflict of interest adversely affected his [or her] lawyer's performance. However, if [a] defendant is unable to establish an actual conflict causing an adverse effect, he must show that he was prejudiced in order to obtain relief.

*Williams*, 285 N.C. App. at 232–33 (cleaned up). A "full-blown evidentiary proceeding" is not always needed, but "the inquiry must be adequate 'to determine

whether there exists such a conflict of interest that the defendant will be prevented from receiving advice and assistance sufficient to afford him the quality of representation guaranteed by the Sixth Amendment.'" *Lynch*, 275 N.C. App. at 299 (quoting *Mims*, 180 N.C. App. at 409).

Possession of opioids may be established by actual or constructive possession. *State v. Christian*, 288 N.C. App. 50, 53–54 (2023). "A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." *State v. Ferguson*, 204 N.C. App. 451, 459 (2010) (cleaned up). "[A]n inference of constructive possession can . . . arise from evidence which tends to show that a defendant was the custodian of the vehicle where the [contraband] was found." *State v. Mitchell*, 224 N.C. App. 171, 177 (2012) (cleaned up). This inference can be made when the driver borrows the car because the driver "has the power to control the contents of the car" as they would if they owned the car. *Id.*

Here, the trial court did not conduct an inquiry into whether there was an actual conflict of interest, and defendant did not object to trial counsel's joint representation of Mann and himself. However, both defendant and Mann were charged with trafficking in opioids by transportation and by possession under the theory of constructive possession. At trial, counsel asked questions to attempt to show that the narcotics were possessed by neither defendant nor Mann by asking questions that suggested they cooperated with the police because they were innocent.

Possession was the contested element at trial and therefore was central to conviction or acquittal. Trial counsel's suggestion that neither co-defendant possessed the opioids—combined with possession being a live issue—was enough to put the trial court on notice of the potential conflict of interest, and, therefore, the trial court should have conducted an inquiry into the conflict.

However, based on the information available in the record on appeal, we cannot determine whether there was an actual conflict of interest that prejudiced defendant's defense. "When this Court cannot determine from the record on appeal whether defendant's counsel had a conflict of interest, this Court may remand the matter to the trial court for an evidentiary hearing to address the issue." *State v. Hunt*, 221 N.C. App. 489, 502 (2012) (Stroud, J., concurring in part and dissenting in part); *see also Lynch*, 275 N.C. App. at 301–02 (remanding after determining that the trial court's inquiry into the conflict was insufficient); *Mims*, 180 N.C. App. at 413 (remanding for an evidentiary hearing to determine whether there was an actual conflict from the record on appeal). Accordingly, we remand this matter for the trial court to conduct an evidentiary hearing to determine whether the conflict existed.

## V. Conclusion

For the foregoing reasons, we remand for the trial court to conduct an evidentiary hearing to determine whether an actual conflict of interest existed. Should the trial court determine there was no actual conflict, the judgment on defendant's conviction shall be left undisturbed. Should the trial court determine

there was an actual conflict, then the trial court shall order a new trial.

REMANDED WITH INSTRUCTIONS.

Judges GORE and FLOOD concur.

Report per Rule 30(e).