An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-232

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

    v.

CARLOS CRISP a/k/a
CARLOS CHRISP

Johnston County
Nos. 12 CRS 54938, 12 CRS 2809

Appeal by Defendant from judgments entered 19 September 2013 by Judge Thomas H. Lock in Superior Court, Johnston County. Heard in the Court of Appeals 26 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Peggy S. Vincent, for the State.*

> *Appellate Defender Staples S. Hughes, by William D. Spence, for Defendant.*

McGEE, Chief Judge.

Defendant appeals his conviction of felony breaking or entering, contending that (1) the trial court erred in denying his motion to dismiss the felony breaking or entering charge for insufficient evidence; (2) the jury's verdict finding Defendant guilty of felony breaking or entering is logically inconsistent and mutually exclusive with its verdict finding Defendant not

guilty of larceny after breaking or entering; and (3) the trial court erred in calculating Defendant's prior record level during sentencing. On the first two points, we disagree. On the third, we find no prejudicial error.

## I. Background

Sheeba Vamattan ("Ms. Vamattan") was the manager of Town Crest Apartments ("Town Crest") in Johnston County on 11 August 2012, when the following events occurred. Sherman Howell, Jr. ("Mr. Howell") was a tenant of Town Crest.

Mr. Howell left his apartment at Town Crest around 10:00 a.m. Shortly thereafter, Ms. Vamattan noticed that the back door to Mr. Howell's apartment was open. She considered this unusual because Mr. Howell exclusively used his front door. Ms. Vamattan telephoned Mr. Howell and confirmed that he was not in his apartment and that no one was supposed to be inside. Ms. Vamattan then saw Carlos Crisp, later identified as Defendant, exit Mr. Howell's apartment through the open back door, carrying a white T-shirt; Ms. Vamattan immediately recognized Defendant as the cohabitating boyfriend of another Town Crest tenant. A second man, who was standing at the rear of Mr. Howell's apartment, motioned to Defendant, and both of the men drove away in a white van that had been parked nearby. Ms. Vamattan recognized the van as belonging to Defendant.

Ms. Vamattan called 911, and a deputy sheriff soon arrived at the scene. Upon closer inspection, the deputy sheriff discovered that the glass in the back door of Mr. Howell's apartment had been broken with a piece of cinder block; Mr. Howell's couch had been moved to barricade the front door of his apartment; and the master bedroom had been ransacked. Mr. Howell later reported that some tennis shoes and a PlayStation 3 were missing.

Defendant was charged with felony breaking or entering, felony larceny, and being an habitual felon. At trial, Defendant testified that he had nothing to do with the break-in of Mr. Howell's apartment. Defendant's counsel moved to dismiss the felony breaking or entering charge at the close of the State's evidence, which the trial court denied. Counsel renewed the motion at the close of all the evidence and again after the jury returned its verdict. Both of these motions also were denied.

A jury found Defendant guilty of felony breaking or entering and of being an habitual felon, but not guilty of larceny. Defendant gave notice of appeal in open court.

## II.  Defendant's Motions to Dismiss

### A.  Standard of Review

This Court reviews the denial of a motion to dismiss for insufficient evidence *de novo*. *State v. Rouse*, 198 N.C. App. 378, 381–82, 679 S.E.2d 520, 523 (2009).

*B. Analysis*

Defendant first assigns error to the trial court's denial of his motions to dismiss the felony breaking or entering charge.

> The rules governing motions to dismiss in criminal cases are well settled and familiar. When a defendant moves for dismissal, the trial judge must determine whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the crime. The term "substantial evidence" is deceptive because, as interpreted by this Court in the context of a motion to dismiss, it is interchangeable with "more than a scintilla of evidence."

*State v. Faison*, 330 N.C. 347, 358, 411 S.E.2d 143, 149 (1991) (citations and quotes omitted). Thus,

> [w]hen ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.

*State v. Rouse*, 198 N.C. App. 378, 381, 679 S.E.2d 520, 523 (2009) (citations and quotes omitted).

In his brief, Defendant correctly concedes that "[i]ntent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Bell*, 285 N.C. 746, 750, 208 S.E.2d 506, 508 (1974), *overruled in part on other grounds by State v. Collins*, 334 N.C. 54, 431 S.E.2d 188 (1993). He also concedes that intent to commit a larceny can be inferred through "circumstances existing at the time of the alleged commission of the offense." *State v. Bronson*, 10 N.C. App. 638, 641, 179 S.E.2d 823, 825 (1971) (citation omitted). In spite of these concessions, Defendant argues that there was not sufficient evidence presented at trial for a jury to find, beyond a reasonable doubt, that Defendant intended to commit a larceny inside Mr. Howell's apartment. Specifically, because the State did not present any physical evidence connecting Defendant to the crime, and because Defendant was not seen carrying "burglary tools" out of Mr. Howell's apartment, Defendant contends that the State's evidence established nothing more than his "mere presence" at the crime scene.

Defendant takes far too narrow a view of the circumstances from which intent may be inferred in this case. The fact that a couch was barricading the front door of Mr. Howell's apartment, the master bedroom had been ransacked, and some items were

reportedly taken from the apartment provided the jury with sufficient circumstantial evidence from which it reasonably could infer that whomever broke into Mr. Howell's apartment intended to commit a larceny therein. Considering the evidence in the light most favorable to the State, the trial court did not err in denying Defendant's motions to dismiss.

### III. Defendant's Inconsistent Jury Verdicts Claim

#### A. Standard of Review

This Court reviews a claim of inconsistent jury verdicts *de novo*. *State v. Blackmon*, 208 N.C. App. 397, 403, 702 S.E.2d 833, 837-38 (2010).

#### B. Analysis

Defendant next contends that the jury's verdict finding him guilty of felony breaking or entering is logically inconsistent and mutually exclusive with its verdict finding him not guilty of larceny after breaking or entering. It is neither.

"Under G.S. [§] 14-54, if a person breaks or enters one of the buildings described therein with intent to commit the crime of larceny, he does so with intent to commit a felony, without reference to whether he is completely frustrated before he accomplishes his felonious intent[.]" *State v. Smith*, 266 N.C. 747, 748-49, 147 S.E.2d 165, 166 (1966). "[A]ctual commission of the felony, which the indictment charges was intended by the

defendant at the time of the breaking [or] entering, is not required in order to sustain a conviction" of felony breaking or entering. *See State v. Tippett*, 270 N.C. 588, 594, 155 S.E.2d 269, 274 (1967), *superseded by statute on other grounds as stated in State v. Worsley*, 336 N.C. 268, 279, 443 S.E.2d 68, 73 (1994) (reviewing a burglary conviction).

In the present case, the jury convicted Defendant of felony breaking or entering because it found beyond a reasonable doubt that Defendant had the intent to commit a larceny *at the time* he broke into Mr. Howell's apartment. The jury also had at least reasonable doubt that Defendant committed a larceny within Mr. Howell's apartment and thus found him not guilty of larceny. However, Defendant's *intent* to commit a larceny inside Mr. Howell's apartment, concurrent with his breaking or entering thereof, is all that is required to sustain the jury's verdict for felony breaking or entering. *See id.* As such, the jury's verdicts here are not inconsistent. Because the verdicts are not inconsistent, neither can they be mutually exclusive. Therefore, Defendant's argument is without merit.

### IV. Defendant's Prior Record Level

*A. Standard of Review*

This Court has stated that

> [t]he determination of an offender's prior
> record level is a conclusion of law that is

> subject to *de novo* review on appeal. It is not necessary that an objection be lodged at the sentencing hearing in order for a claim that the record evidence does not support the trial court's determination of a defendant's prior record level to be preserved for appellate review.

*State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009).

### *B. Analysis*

Defendant contends that the trial court miscalculated his prior record level during sentencing. Specifically, Defendant was sentenced under prior record level II, based on four prior record level points. However, both the State and Defendant appear to be in agreement that Defendant should have been sentenced based on three prior record level points, rather than four.

A defendant is properly sentenced under prior record level II if he has between two and five prior record level points. *See* N.C. Gen. Stat. § 15A-1340.14(c) (2013). As such, whether Defendant had three or four prior record level points would not have affected the determination of his prior record level. Where "the correct calculation of defendant's prior record points does not affect the determination of his prior record level, the error is harmless." *State v. Blount*, 209 N.C. App.

340, 347, 703 S.E.2d 921, 926 (2011). Therefore, this miscalculation by the trial court did not prejudice Defendant.

No error in part; no prejudicial error in part.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).