IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-645

Filed 5 March 2024

Robeson County, No. 19CRS051648

STATE OF NORTH CAROLINA

v.

DWIGHT DOUGLAS SMITH

Appeal by Defendant from judgment entered 27 October 2022 by Judge Henry L. Stevens in Robeson County Superior Court. Heard in the Court of Appeals 23 January 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Liliana R. Lopez, for the State-Appellee.*

> *John W. Moss for Defendant-Appellant.*

COLLINS, Judge.

Defendant Dwight Smith appeals from judgment entered upon a guilty verdict of driving while impaired. Defendant argues that the trial court erred by denying his motion to dismiss, and that he received ineffective assistance of counsel because defense counsel did not renew his motion to dismiss at the close of all of the evidence. Because defense counsel did not renew Defendant's motion to dismiss at the close of all of the evidence, Defendant's argument that the trial court erred by denying his motion to dismiss is not properly before us, and we therefore dismiss in part.

Defendant did not receive ineffective assistance of counsel, and we therefore find no error in part.

## I. Background

The evidence at trial tended to show the following: On 1 April 2019 at approximately 9:00 p.m., Trooper Justin Waldrop with the North Carolina Highway Patrol was advised of a collision on Boone Road. Waldrop arrived on the scene and observed Defendant standing outside a pickup truck that was pulling a trailer. Defendant's two sons were also at the scene. Defendant told Waldrop that there was a "small collision" between his truck and another vehicle, and that he was driving the truck at the time of the collision.

Waldrop observed that Defendant had red, glassy eyes, slurred speech, and a strong odor of alcohol. Defendant was walking in a "zig-zag pattern" and stumbling, and Waldrop had to keep him from falling at one point. Thereafter, Waldrop asked Defendant to perform field sobriety tests. Waldrop administered the horizontal gaze nystagmus test to Defendant to measure the "involuntary jerking of [his] eyes." The test revealed that Defendant exhibited six out of the six clues indicating impairment. Waldrop then administered a portable breath test, known as the Alco-Sensor, at 9:10 p.m. and again at 9:22 p.m., which confirmed the presence of alcohol in Defendant's system. At that point, Waldrop formed the opinion that Defendant had consumed a sufficient amount of alcohol to appreciably impair his mental and physical faculties.

Waldrop arrested Defendant for driving while impaired and transported him to the Robeson County Detention Center to read him his *Miranda* rights and administer an Intoximeter breath test, which uses a "deep lung sample" to determine the "percent of alcohol in the defendant's body." Upon arriving at the detention center, Waldrop asked Defendant a series of questions. Waldrop asked Defendant whether he had been operating a vehicle, and Defendant responded "yes." When asked what time he began drinking and how many drinks he had, Defendant stated that he had one drink at 4:00 p.m. Waldrop asked Defendant what size the drink was and Defendant responded, "Not sure." Waldrop then asked, "On a scale of zero to ten, zero being completely sober and ten being completely drunk, where do you see yourself?" Defendant responded, "One." Waldrop asked, "In your opinion, should you have been operating a vehicle[,]" to which Defendant responded, "Yes." Waldrop read Defendant his rights concerning the Intoximeter at 9:58 p.m. Thereafter, Defendant refused to provide a breath sample for the Intoximeter.

Defendant was found guilty in district court of driving while impaired and subsequently appealed to superior court. The matter came on for trial on 26 October 2022. Defendant moved to dismiss the charge for insufficient evidence at the close of the State's evidence, and the trial court denied the motion. Defendant then put on evidence but did not renew his motion to dismiss. The jury returned a guilty verdict of driving while impaired. The trial court sentenced Defendant to 60 days of

imprisonment, suspended for 12 months of supervised probation. Defendant appealed.

## II.  Discussion

### A. Appellate Jurisdiction

As a threshold issue, we must determine whether we have jurisdiction to hear this appeal.

N.C. Gen. Stat. § 15A-1448(b) states, "Notice of appeal shall be given within the time, in the manner and with the effect provided in the rules of appellate procedure." N.C. Gen. Stat. § 15A-1448(b) (2023). Rule 4(a) of the North Carolina Rules of Appellate Procedure provides that an appeal in a criminal case may be taken by either "giving oral notice of appeal at trial" or by filing a written notice of appeal within 14 days after entry of judgment. N.C. R. App. P. 4(a). When a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal. *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005).

Prior to sentencing, defense counsel stated, "Judge, I've never done this, but I don't know at what point in this process I do, but Mr. Smith wants to give notice of appeal." The trial court responded, "Okay. We can do that once we get the judgment in." After entry of the final judgment, defense counsel did not enter oral notice of appeal, but the trial court "note[d] the [prior] appeal and . . . [ap]pointed the appellate defender to represent [Defendant]." As Defendant prematurely entered oral notice of appeal before entry of the final judgment in violation of Rule 4, this Court does not

have jurisdiction to hear Defendant's direct appeal. *See State v. Lopez*, 264 N.C. App. 496, 503, 826 S.E.2d 498, 503 (2019).

Acknowledging that his notice of appeal was defective, Defendant filed a petition for writ of certiorari. This Court may issue a writ of certiorari "in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). In our discretion, we grant Defendant's petition for writ of certiorari and reach the merits of his appeal.

**B. Motion to Dismiss**

Defendant argues that the trial court erred by denying his motion to dismiss. Defendant concedes that defense counsel failed to renew his motion to dismiss at the close of all of the evidence, but nonetheless argues that the denial of his motion to dismiss was error.

A defendant in a criminal case may not challenge the sufficiency of the evidence on appeal unless a motion to dismiss is made at trial. N.C. R. App. P. 10(a)(3). "If a defendant makes such a motion after the State has presented all its evidence . . . and that motion is denied and the defendant then introduces evidence, defendant's motion for dismissal . . . made at the close of State's evidence is waived." *Id.* If a defendant subsequently fails to renew his motion to dismiss at the close of all of the evidence, the defendant "may not challenge on appeal the sufficiency of the evidence to prove the crime charged." *Id.*

Here, Defendant moved to dismiss at the close of the State's evidence, and the trial court denied the motion. Defendant then presented his own evidence but did not renew his motion to dismiss at the close of all of the evidence. Consequently, Defendant's argument that the trial court erred by denying his motion to dismiss is not properly before us, and that portion of his appeal is dismissed.

## C. Ineffective Assistance of Counsel

Defendant also argues that he received ineffective assistance of counsel because defense counsel failed to renew his motion to dismiss at the close of all of the evidence.

We review whether a defendant was denied effective assistance of counsel de novo. *State v. Wilson*, 236 N.C. App. 472, 475, 762 S.E.2d 894, 896 (2014). Under de novo review, this Court considers the matter anew and freely substitutes its own judgment for that of the lower court. *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008).

"A defendant's right to counsel includes the right to the effective assistance of counsel." *State v. Braswell*, 312 N.C. 553, 561, 324 S.E.2d 241, 247 (1985) (citation omitted). To show ineffective assistance of counsel, a defendant must show that his counsel's conduct fell below an objective standard of reasonableness. *State v. Anthony*, 271 N.C. App. 749, 754, 845 S.E.2d 452, 456 (2020). A defendant must satisfy a two-part test to meet this burden:

> First, the defendant must show that counsel's performance

was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Braswell*, 312 N.C. at 562, 324 S.E.2d at 248 (emphasis omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006). Thus, to prevail on an ineffective assistance of counsel claim in which the defendant argues that his counsel failed to renew his motion to dismiss, the defendant must show that there is a reasonable probability that the trial court would have allowed the renewed motion. *See State v. Blackmon*, 208 N.C. App. 397, 401, 702 S.E.2d 833, 836 (2010).

"In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Crockett*, 368 N.C. 717, 720, 782 S.E.2d 878, 881 (2016). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Lopez*, 274 N.C. App. 439, 446, 852 S.E.2d 658, 662 (2020). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most

favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Austin*, 279 N.C. App. 377, 382, 865 S.E.2d 350, 354 (2021) (quotation marks and citation omitted). "Contradictions and discrepancies in the evidence are for the jury to decide." *State v. Wynn*, 276 N.C. App. 411, 416, 856 S.E.2d 919, 923 (2021).

Under N.C. Gen. Stat. § 20-138.1(a)(1), a person commits the offense of driving while impaired if "he drives any vehicle upon any highway, any street, or any public vehicular area within this State . . . [w]hile under the influence of an impairing substance[.]" N.C. Gen. Stat. § 20-138.1(a)(1) (2023). A person is under the influence if "his physical or mental faculties, or both, [are] appreciably impaired by an impairing substance." *Id.* § 20-4.01(48b) (2023). "An officer's opinion that a defendant is appreciably impaired is competent testimony and admissible evidence when it is based on the officer's personal observation of an odor of alcohol and of faulty driving or other evidence of impairment." *State v. Gregory*, 154 N.C. App. 718, 721, 572 S.E.2d 838, 840 (2002) (citations omitted). "The refusal to submit to an intoxilyzer test also is admissible as substantive evidence of guilt on a DWI charge." *Id.* (citation omitted); *see also* N.C. Gen. Stat. § 20-139.1(f) (2023) ("If any person charged with an implied-consent offense refuses to submit to a chemical analysis or to perform field sobriety tests at the request of an officer, evidence of that refusal is admissible in any criminal, civil, or administrative action against the person.").

Defendant argues that "there [was] no direct evidence that [he] was impaired at the same time that he was driving" because "the State presented no evidence regarding the lapse of time between the accident and [Defendant's] call to law enforcement or between [Defendant's] call and Trooper Waldrop's arrival on scene." However, when viewing the evidence in the light most favorable to the State, there was substantial evidence that Defendant was driving while impaired.

Waldrop testified that he was advised of a collision on Boone Road at approximately 9:00 p.m. When Waldrop arrived on the scene, he observed Defendant standing outside a pickup truck that was pulling a trailer. Defendant told Waldrop that there had been a "small collision" between his truck and another vehicle, and that he was driving the truck at the time of the collision. Defendant had red, glassy eyes, slurred speech, and a strong odor of alcohol. Defendant was walking in a "zig-zag" pattern and stumbling, and Waldrop had to keep him from falling at one point. Waldrop administered the horizontal gaze nystagmus test, and Defendant exhibited six out of the six clues indicating impairment. An Alco-Sensor breath test was administered at 9:10 p.m. and again at 9:22 p.m., which confirmed the presence of alcohol in Defendant's system. At that point, Waldrop formed the opinion that Defendant had consumed a sufficient amount of alcohol to appreciably impair his mental and physical faculties.

Waldrop arrested Defendant for driving while impaired and transported him to the Robeson County Detention Center to read him his *Miranda* rights and

administer an Intoximeter breath test. At the detention center, Defendant admitted that he was driving the truck and that he had consumed alcohol prior to driving. Waldrop read Defendant his rights concerning the Intoximeter at 9:58 p.m., and Defendant subsequently refused to provide a breath sample. As this was relevant evidence that a reasonable mind might accept as adequate to support a conclusion that Defendant was driving while impaired, Defendant has failed to show that there is a reasonable probability that, but for defense counsel's failure to renew his motion to dismiss, the trial court would have allowed the motion. *See Blackmon*, 208 N.C. App. at 403, 702 S.E.2d at 837 (holding that defendant did not receive ineffective assistance of counsel based on defense counsel's failure to renew his motion to dismiss because "a second motion to dismiss would not have altered the result in [the] case").

Accordingly, Defendant did not receive ineffective assistance of counsel.

## III.    Conclusion

Defendant's argument that the trial court erred by denying his motion to dismiss is not properly before us, and we therefore dismiss in part. Furthermore, Defendant did not receive ineffective assistance of counsel, and we therefore find no error in part.

DISMISSED IN PART; NO ERROR IN PART.

Judges ZACHARY and MURPHY concur.