An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-864

Filed 18 June 2025

Pitt County, No. 22 CRS 052534

STATE OF NORTH CAROLINA

v.

ANTHONY ANTONIO BRASWELL, Defendant.

Appeal by Defendant from judgment entered 1 June 2023 by Judge Marvin K. Blount III in Pitt County Superior Court. Heard in the Court of Appeals 8 April 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Jessica M. Major, for the State.*

*Stephen G. Driggers for Defendant.*

GRIFFIN, Judge.

Defendant Anthony Antonio Braswell appeals from the trial court's judgment entered after a jury convicted him of felony breaking or entering a motor vehicle. Defendant raises an ineffective assistance of counsel claim on appeal. We hold Defendant did not receive ineffective assistance of counsel.

## I. Factual and Procedural Background

On 6 May 2022, Defendant and George Shaever got into an altercation at a bar in downtown Greenville. Defendant was visiting the bar with his sister, and Shaever

was working as an emcee. Shaever drove a white Ford Focus to work that evening and parked it in a small lot across the street from the bar.

After his duties concluded, Shaever helped the band who performed that night load their belongings into their trailer at the front of the bar. While assisting the band members, Shaever noticed the passenger door of his car was open and feet were dangling out of the car. Shaever immediately ran over and found Defendant sitting in his car on the driver's side "messing around with stuff." Shaever "jumped on top of him" and "hit him a few times." Defendant and Shaever got into a physical altercation in the parking lot, and Defendant threatened to get his gun. The police were called and arrived shortly thereafter.

Officers Wilbur Espinoza, Jennifer Umphlet, and Nicholas Petraglia responded to the scene. Defendant told Officer Umphlet he believed he was intoxicated, and Defendant admitted he got into Shaever's car. Defendant requested the officers check the street video cameras in the area to see what happened.

On 24 October 2022, Defendant was indicted for felony breaking or entering a motor vehicle. Defendant's case came on for trial during the 29 May 2023 Criminal Session in Pitt County Superior Court. At trial, the jury heard testimony from Defendant, Shaever, and the officers who were present at the scene. Additionally, the jury watched video and audio recordings of Defendant's interactions with the officers. Body-camera footage of Officer Espinoza, Officer Umphlet, and Officer Petraglia was admitted into evidence.

On 1 June 2023, the jury found Defendant guilty of felony breaking or entering a motor vehicle. The court entered judgments on 1 June 2023. Defendant timely appeals.

## II. Analysis

Defendant argues he received ineffective assistance of counsel because his trial counsel failed to obtain "potentially exculpatory video recordings." Specifically, Defendant contends there was street video footage that would have shown he lacked the requisite intent to commit the alleged offense and his trial counsel's failure to obtain and produce the videos at trial was prejudicial. We disagree.

While the preferred method of raising an ineffective assistance of counsel claim is by a motion for appropriate relief in the trial court, "a defendant may bring his ineffective assistance of counsel claim on direct appeal. On direct appeal, [a] defendant's ineffective assistance of counsel claim 'will be decided on the merits when the cold record reveals that no further investigation is required[.]'" *State v. Phifer*, 165 N.C. App. 123, 127, 598 S.E.2d 172, 175 (2004) (quoting *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001)).

To challenge a conviction based on ineffective assistance of counsel, a defendant must establish that his counsel's conduct "fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561–62, 324 S.E.2d 241, 248 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To meet this burden, a defendant must satisfy a two-part test. *Id.* at 562, 324 S.E.2d at 248. First,

the defendant must prove that his counsel's performance was deficient, such that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (citation omitted). Second, the defendant must prove his counsel's performance was prejudicial, such that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* (citation omitted). An error made by counsel, even an unreasonable one, "does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *Id.* at 563, 324 S.E.2d at 248 (citation omitted).

At the outset, we note there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Counsel is given wide latitude in matters of strategy, and the burden to show that counsel's performance fell short of the required standard is a heavy one for [the] defendant to bear." *State v. Oglesby*, 382 N.C. 235, 243, 876 S.E.2d 249, 256 (2022) (citations and internal marks omitted).

At trial, Defendant's counsel argued because Defendant was intoxicated, Defendant lacked the requisite intent to be convicted of breaking or entering a motor vehicle. On appeal, Defendant argues his trial counsel erred by not obtaining the video footage in question because it would show "he sat in Shaever's car by mistake, that he had not broken the door handle, and he did not take anything."

To be convicted of felony breaking or entering, the State must prove beyond a

reasonable doubt: "(1) there was a breaking or entering by the defendant; (2) without consent; (3) into a motor vehicle; (4) containing goods, wares, freight, or anything of value; and (5) with the intent to commit any felony or larceny therein." *State v. Jackson*, 162 N.C. App. 695, 698, 592 S.E.2d 575, 577 (2004) (emphasis removed).

"'Where a specific intent element is an essential element of the offense charged, voluntary intoxication may negate the existence of that intent.'" *State v. Meader*, 269 N.C. App. 446, 447, 838 S.E.2d 643, 644 (2020) (quoting *State v. Kyle*, 333 N.C. 687, 698–99, 430 S.E.2d 412, 418 (1993)).

Assuming without deciding that failing to obtain the video footage in question was error, we hold it was not prejudicial because there was other evidence presented that gave the jury an opportunity to evaluate Defendant's arguments. *See State v. Corbett*, 376 N.C. 799, 831, 855 S.E.2d 228, 251 (2021) ("[T]he prejudicial impact of excluding Tom's testimony was limited because this testimony was largely duplicative of other testimony that was admitted into evidence tending to establish his state of mind."); *State v. Brown*, 272 N.C. 512, 515, 158 S.E.2d 354, 356 (1968) ("The admission of testimony over objection is ordinarily harmless when testimony of the same import is theretofore or thereafter introduced without objection[.]" (citation and internal marks omitted)).

Here, the jury heard testimony from Defendant, Shaever, and the officers who were present. Additionally, the jury watched video and audio recordings of Defendant's interactions with the officers. Body-camera footage of Officer Espinoza,

Officer Umphlet, and Officer Petraglia was admitted into evidence. Defendant admitted he got into Shaever's car, he was intoxicated, and he got into a physical altercation with Shaever after he entered Shaever's car. Shaever testified he saw Defendant sitting in his car "messing around with stuff" and as a result, he struck him several times. When officers responded to the scene, Defendant explained to them what happened. Officer Espinoza testified Defendant did not appear to be drunk or intoxicated.

Even if there exists street video footage of the incident, the jury heard and saw enough evidence to evaluate Defendant's level of intoxication to determine if he had the requisite intent. Additionally, Defendant's trial counsel in closing asked the jury to give "great consideration [to] the mental state of [Defendant] and to consider his inability, the faculties that he did not have about him." The jury was instructed that if they found Defendant was intoxicated to "consider whether this condition affected [] [D]efendant's ability to formulate the specific intent which is required for conviction of breaking or entering a motor vehicle." The weight and credibility of the evidence is for the jury to decide, *State v. Shelton*, 293 N.C. App. 154, 160, 899 S.E.2d 894, 899 (2024), and here the jury found Defendant had the requisite intent to commit felony breaking or entering, based on the evidence presented to them. Thus, we hold even if it was error for defense counsel to not obtain or produce the video footage at trial, the absence of the videos does not prejudice Defendant because "[evidence] of the same import" was "introduced without objection[.]" *Brown*, 272 N.C. at 515, 158

S.E.2d at 356 (citation and internal marks omitted).

The State also produced substantial evidence to support a breaking or entering conviction absent the video footage in question being admitted into evidence. *See State v. Todd*, 290 N.C. App. 448, 464, 892 S.E.2d 240, 252–53 (2023) (noting that because the State presented sufficient evidence of the defendant being the perpetrator of the offense, the defendant could not show prejudice as part of his ineffective assistance of counsel claim (citing *State v. Blackmon*, 208 N.C. App. 397, 403, 702 S.E.2d 833, 837 (2010))).

Here, Defendant does not dispute he was the perpetrator of the offense, and he in fact admits that he was. The primary question was whether he had the intent to commit the offense, and the State presented sufficient evidence for the jury to make this determination absent any additional video footage being admitted into evidence.

Thus, Defendant has failed to show a reasonable probability that had the videos been obtained and the footage produced at trial; the outcome of trial would have been different. *See Braswell*, 312 N.C. at 563, 324 S.E.2d at 248.

## III.    Conclusion

For the foregoing reasons, we hold Defendant did not receive ineffective assistance of counsel.

NO ERROR.

Judges ZACHARY and FLOOD concur.

Report per Rule 30(e).