IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-50

Filed 7 January 2026

Johnston County, Nos. 22CR051766-500, 22CR000462-500

STATE OF NORTH CAROLINA

v.

BILLY HODGES, JR.

Appeal by defendant from judgment entered 2 January 2024 by Judge Paul A. Holcombe, III, in Johnston County Superior Court. Heard in the Court of Appeals 19 November 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Manuel C. Davis, for the State.*

*John W. Moss for defendant-appellant.*

ZACHARY, Judge.

Defendant Billy Hodges, Jr., appeals from the trial court's judgment entered upon a jury's verdicts finding him guilty of possession of methamphetamine and possession of drug paraphernalia and his guilty plea to attaining habitual-felon status. On appeal, Defendant argues that: 1) the trial court erred by denying his motion to dismiss; 2) he received ineffective assistance of counsel from his trial attorney; and 3) the trial court erred by neglecting to give him notice and an opportunity to be heard before imposing a civil judgment for attorney's fees. After careful review, we conclude that Defendant failed to preserve for appellate review

any argument regarding the sufficiency of the evidence; we dismiss Defendant's claim for ineffective assistance of counsel without prejudice to his right to reassert it in a motion for appropriate relief filed with the trial court; and we dismiss Defendant's claim regarding the civil judgment for attorney's fees.

## I.    Background

Defendant's case came on for jury trial on 11 December 2023 in Johnston County Superior Court. At trial, evidence was presented tending to show the following:

In the early morning hours of 16 April 2022, Benson Police Sergeant Ramiro Velazquez pulled over a vehicle after it ran a red light. Defendant was driving the car while a female passenger—Amanda Warren—rode in the front passenger seat. After discovering that Defendant had a suspended driver's license and the license plate of the vehicle was expired, Sergeant Velazquez issued a citation to Defendant and asked him whether there was "anything in the car illegal." Defendant answered that there was not and consented to Sergeant Velazquez's search of the vehicle.

Two other officers arrived on the scene and Sergeant Velazquez proceeded to search the vehicle. Sergeant Velazquez discovered "a small red toolbox," concealed by its placement "tucked into the sunroof." Inside the toolbox, he found "a small silver spoon" and a small plastic bag containing "a white crystal substance," which he believed—and subsequent testing confirmed—to be methamphetamine. According to Sergeant Velazquez, both occupants of the car initially denied owning the contents of

the toolbox. But after being placed under arrest, Defendant stated: "I will take it. The drugs [are] mine . . . . I'm taking the charge for the . . . toolbox. It's on the sunroof."

Defendant testified that he did not own the vehicle, that it belonged to someone staying at the motel at which Defendant resided, and that he "was just working on [the vehicle] at the time." He also testified that when Sergeant Velazquez asked him for permission to search the vehicle, Defendant told him: "[Y]ou can because it's not my car, and there is nothing here that belongs to me." Defendant further testified that he did not "know that there was anything in the car," and that Sergeant Velazquez's testimony regarding Defendant's admission to owning the drugs and drug paraphernalia was either "untruthful" or "mistaken."

Defense counsel made a motion to dismiss at the close of the State's evidence and renewed his motion after the charge conference and the trial court instructed the jury; the court denied the motion on both occasions.

At the trial's conclusion on 13 December 2023, the jury returned verdicts finding Defendant guilty of possession of methamphetamine and possession of drug paraphernalia. That same day, Defendant pleaded guilty to attaining habitual-felon status. The trial court orally pronounced a criminal judgment and a civil judgment for attorney's fees.

On 2 January 2024, the trial court consolidated Defendant's convictions and entered judgment, sentencing him to a term of 45 to 66 months' imprisonment in the custody of the North Carolina Department of Adult Correction. This criminal

judgment was included in the record on appeal; the record is devoid of a civil judgment.

Defendant timely filed notice of appeal from the criminal judgment.

## II. Discussion

Defendant raises three issues on appeal: 1) whether the trial court erred by denying Defendant's motion to dismiss the charge of possession of methamphetamine; 2) whether Defendant received ineffective assistance of counsel from his trial attorney; and 3) whether the trial court's order assessing attorney's fees as a civil judgment is invalid.

### A. Motion to Dismiss

Defendant argues that the trial court erred by denying his motion to dismiss the charge of possession of methamphetamine because "the State did not present substantial evidence of [his] power and intent to control [the substance's] disposition and use." However, Defendant failed to preserve this issue for appellate review.

N.C. Gen. Stat. § 15A-1446(d)(5) "provides that errors based upon insufficiency of the evidence may be the subject of appellate review even though no objection, exception or motion has been made in the trial division." *State v. Stocks*, 319 N.C. 437, 439, 355 S.E.2d 492, 493 (1987); N.C. Gen. Stat. § 15A-1446(d)(5) (2023). Yet N.C.R. App. P. 10(a)(3) provides that where the defendant presents evidence, "if a defendant fails to move to dismiss the action . . . at the close of all the evidence, [the] defendant may not challenge on appeal the sufficiency of the evidence to prove the

crime charged." N.C.R. App. P. 10(a)(3).

Our Supreme Court resolved this conflict, explaining that "[t]o the extent that [N.C. Gen. Stat. §] 15A-1446(d)(5) is inconsistent with N.C.R. App. P. 10[(a)](3), the statute must fail." *Stocks*, 319 N.C. at 439, 355 S.E.2d at 493; *see also State v. Meadows*, 371 N.C. 742, 747 & n.2, 821 S.E.2d 402, 406 & n.2 (2018) (noting that in *Stocks*, our Supreme Court held N.C. Gen. Stat. § 15A-1446(d)(5) to be an "unconstitutional encroachment[ ] on the rulemaking authority of the Court"); *State v. Spaugh*, 321 N.C. 550, 552–53, 364 S.E.2d 368, 370 (1988); *State v. Blackmon*, 208 N.C. App. 397, 399–400, 702 S.E.2d 833, 835–36 (2010) (concluding that "in accordance with Rule 10, [the] defendant ha[d] waived appellate review of" the sufficiency of the evidence where the defendant moved to dismiss the charges at the close of the State's evidence but, after presenting evidence, failed to renew the motion at the close of all evidence).

In the case at bar, defense counsel made a motion to dismiss the charges at the close of the State's evidence, which the trial court denied. Defendant then presented evidence. Although defense counsel eventually renewed the motion to dismiss, he failed to do so within the timeframe mandated by Rule 10(a)(3): at the close of all the evidence. Instead, defense counsel renewed his motion to dismiss *after* the charge conference and *after* the trial court instructed the jury. Accordingly, Defendant failed to preserve appellate review of any argument regarding the sufficiency of the evidence.

**B. Ineffective Assistance of Counsel**

Defendant also contends that he received ineffective assistance of counsel as a result of his trial counsel's failure to subpoena Ms. Warren to testify on his behalf at trial after she "signed a statement claiming the methamphetamine at issue [w]as hers and stating that she would appear at trial."

"When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Roache*, 358 N.C. 243, 279, 595 S.E.2d 381, 405 (2004) (citation omitted). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (citation omitted). "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* (citation omitted). "Both prongs of this test must be demonstrated in order to claim successfully ineffective assistance of counsel." *Id.*

"Ineffective assistance of counsel claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Campbell*, 359 N.C. 644, 691, 617 S.E.2d 1, 30 (2005) (cleaned up), *cert. denied*, 547

U.S. 1073, 164 L. Ed. 2d 523 (2006). "Therefore, on direct appeal we must determine if these ineffective assistance of counsel claims have been prematurely brought. If so, we must dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent motion for appropriate relief proceeding." *Id.* (cleaned up).

In the present case, Defendant argues that counsel's failure "to take reasonable steps [to] secure the attendance of a material witness at trial"—Ms. Warren—"was not a tactical decision" and "fell below an objective standard of reasonableness." Yet as Defendant acknowledges, "[i]t is not clear on this record that [d]efense [c]ounsel attempted to use either method" of "obtaining or issuing a subpoena or requesting a material witness order" to secure Ms. Warren's presence at trial. *See* N.C. Gen. Stat. §§ 15A-801, 15A-803(a).

The record is not fully developed, rendering this claim premature. Accordingly, we dismiss Defendant's ineffective-assistance-of-counsel claim without prejudice to his right to reassert it during a subsequent proceeding upon a motion for appropriate relief. *See Campbell*, 359 N.C. at 691, 617 S.E.2d at 30.

**C. Attorney's Fees**

Defendant further asserts that "the trial court's [o]rder that attorney's fees would be paid in a civil judgment should be vacated and the matter remanded for further proceedings." However, this Court lacks jurisdiction to review this claim.

"In certain circumstances, trial courts may enter civil judgments against convicted indigent defendants for the attorneys' fees incurred by their court-

appointed counsel." *State v. Friend*, 257 N.C. App. 516, 522, 809 S.E.2d 902, 906 (2018); *see* N.C. Gen. Stat. § 7A-455.

Here, Defendant's written notice of appeal references the criminal judgment entered upon his "convictions of possession of methamphetamine and [attaining the status of an] habitual felon." (Capitalization omitted). With regard to a civil judgment, the trial court stated its intention to enter a civil judgment for attorney's fees and the criminal judgment provides: "WAIVE JAIL FEES; OTHER MONIES SHALL BE A CIVIL JUDGMENT"; nevertheless, the record on appeal is devoid of a civil judgment. Additionally, Defendant neglected to appeal from a civil judgment assessing attorney's fees in his notice of appeal from the criminal judgment and did not file a separate notice of appeal from a civil judgment.

Moreover, Defendant failed to include the civil judgment assessing attorney's fees in the record on appeal. As our Supreme Court has explained where "there is no civil judgment in the record ordering [D]efendant to pay attorney fees, the Court of Appeals ha[s] no subject matter jurisdiction on this issue." *State v. Jacobs*, 361 N.C. 565, 566, 648 S.E.2d 841, 842 (2007); *see also State v. Hester*, 287 N.C. App. 282, 286, 882 S.E.2d 446, 450 (2022) (concluding that this Court could not review the civil judgment imposing attorney's fees because the defendant failed to include the "judgment in the record on appeal and did not supplement the record with the judgment pursuant to our Rules of Appellate Procedure").

Defendant failed to provide this Court with a civil judgment imposing

attorney's fees—assuming that one was entered in this matter—or to appeal from any such order, whether as a matter of right or by filing a petition for writ of certiorari. Accordingly, this Court lacks subject-matter jurisdiction.

## III.     Conclusion

For the foregoing reasons, we conclude that Defendant's argument regarding the denial of his motion to dismiss is unpreserved for appellate review. We dismiss Defendant's ineffective-assistance-of-counsel claim without prejudice to his right to reassert it in a subsequent motion for appropriate relief before the trial court. Finally, we dismiss Defendant's appeal regarding the civil judgment for attorney's fees.

DISMISSED IN PART; DISMISSED WITHOUT PREJUDICE IN PART.

Judges FLOOD and STADING concur.