An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-233

Filed 18 March 2026

Randolph County, Nos. 20CR052419-750, 20CR052423-750

STATE OF NORTH CAROLINA

v.

MICHAEL AARON MCDUFFIE, Defendant.

Appeal by defendant from judgment entered 16 April 2024 by Judge Thomas H. Lock in Randolph County Superior Court. Heard in the Court of Appeals 23 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Robert P. Brackett, Jr., for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Brandon B. Mayes, for defendant-appellant.*

GORE, Judge.

Defendant Michael Aaron McDuffie appeals from a judgment entered upon a jury verdict finding him guilty of trafficking in heroin by possession. Defendant argues the trial court erred in denying his motion to dismiss for insufficient evidence and in instructing the jury on an acting-in-concert theory. This Court has jurisdiction

pursuant to N.C.G.S. §§ 7A-27(b)(1) and 15A-1444(a) (2023). We conclude the trial court did not err and that defendant received a fair trial free from prejudicial error.

**I.**

On 6 December 2021, a Randolph County grand jury indicted defendant on one count each of trafficking opium or heroin, maintaining a vehicle for keeping or selling controlled substances, and possession with intent to manufacture, sell, or deliver heroin.

On 5 July 2020, defendant was at his uncle Cecil McDuffie's home helping change a tire on Cecil's Jeep Cherokee. The two decided to drive to the Ready-Mart on Fayetteville Street in Asheboro to buy cigarettes. Cecil drove to the store while defendant went inside. When defendant returned, Cecil invited him to drive back. After defendant got into the driver's seat, Cecil produced heroin, snorted some, and offered some to defendant. Defendant testified he did not know Cecil had heroin before that point. Cecil measured out a portion from a larger bag stored in a black metal container, and defendant injected it using his own needles. Both men then lost consciousness.

Officer Anthony Maness of the Asheboro Police Department responded to a call about a suspicious green Jeep at the Ready-Mart with two apparently unconscious occupants. Upon arrival, Maness saw Cecil slumped over in the passenger seat with one foot on the ground and defendant in the driver's seat holding a hypodermic needle. Maness observed dried blood marks on defendant's arms and a sweatshirt

drawstring in his lap.

A search of the vehicle revealed a small baggy containing brown powder in the driver's seat and a blue pencil case in the center console with several uncapped needles. In the rear floorboard, within arm's reach of the driver, officers found a black metal tube containing a spoon, a red straw, and a larger baggy of brown powder. Laboratory analysis determined the larger bag weighed 6.36 grams and contained heroin and etizolam. Defendant admitted the heroin he used came from this bag.

At the close of the State's evidence, the trial court dismissed the maintaining-a-vehicle charge but denied defendant's motion to dismiss the remaining charges. Over defendant's objection, the court instructed the jury on actual possession, constructive possession, and acting in concert. The jury found defendant guilty of trafficking in heroin and of simple possession of heroin as a lesser-included offense of possession with intent to sell or deliver. The court arrested judgment on the possession conviction and sentenced defendant to 70–93 months' imprisonment. Defendant gave oral notice of appeal.

## II.

**A.**

We review a trial court's denial of a motion to dismiss de novo. *State v. Smith*, 186 N.C. App. 57, 62 (2007). Under this standard, we consider the matter anew and may substitute our own judgment for that of the trial court. *State v. Biber*, 365 N.C. 162, 168 (2011). On a motion to dismiss, the question is whether the State has offered

substantial evidence of each essential element of the offense and of the defendant's identity as the perpetrator. *State v. Powell*, 299 N.C. 95, 98 (1980). Evidence that raises only a suspicion or conjecture is insufficient. *Id.* In assessing the sufficiency of the evidence, we view it "in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Fritsch*, 351 N.C. 373, 378–79 (2000).

To convict defendant of trafficking by possession under N.C.G.S. § 90-95(h)(4)(a), the State had to prove he knowingly possessed at least four grams of heroin. Possession may be actual or constructive. *State v. Miller*, 363 N.C. 96, 99 (2009). Constructive possession exists when a person has both the "intent and capability to maintain control and dominion over" the contraband, alone or jointly with others. *Id.* Where possession of the vehicle is nonexclusive, the State must show other incriminating circumstances. *State v. Butler*, 356 N.C. 141, 146 (2002).

Here, defendant was in the driver's seat within arm's reach of the bag containing 6.36 grams of heroin from which he had just injected himself. He possessed additional drug paraphernalia and had visible signs of recent injection. Cecil was unconscious. This evidence permitted a reasonable inference that defendant had the capability and intent to control the heroin, even if Cecil owned the Jeep. *See State v. Mitchell*, 224 N.C. App. 171, 178 (2012).

Viewed in the light most favorable to the State, the evidence was sufficient to support constructive possession. The trial court did not err in denying the motion to dismiss.

**B.**

Defendant next contends the trial court erred by instructing the jury on acting in concert. We review a trial court's decision to give a particular jury instruction de novo. *State v. Osorio*, 196 N.C. App. 458, 466 (2009). "An instruction about a material matter must be based on sufficient evidence." *Id.*

Defendant argues the doctrine is inapplicable to a possession offense and that the instruction permitted the jury to convict him based solely on his presence in the vehicle with Cecil. While our courts have observed that acting in concert "is not generally applicable to possession offenses, as it tends to become confused with other theories of guilt," they have nonetheless upheld its use alongside constructive possession where the surrounding circumstances support both theories. *State v. Diaz*, 155 N.C. App. 307, 314 (2002). The doctrine applies where the evidence permits a reasonable inference that the defendant and another acted together pursuant to a common plan to commit the charged offense. *State v. Joyner*, 297 N.C. 349, 356–57 (1979).

"To act in concert means to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose." *Id.* at 356. It is immaterial whether the defendant committed all, some, or none of the acts comprising the offense, so long as he was present at the scene and acting together with another person whose combined actions constitute the crime. *Id.* In determining whether the evidence warranted the instruction, we view the evidence in the light most favorable to the

State.  *State v. Watkins*, 283 N.C. 504, 509 (1973).

Here, the evidence—viewed in the light most favorable to the State—showed defendant in the driver's seat and Cecil in the passenger seat of a vehicle containing heroin and paraphernalia associated with distribution.  Officers found a small baggy of brown powder in the driver's seat; a black metal container in the center console holding twenty-four empty baggies rolled and secured with a rubber band; a blue pencil case with uncapped needles in the console area near Cecil; and a black metal tube in the rear floorboard containing a red straw, a spoon, and a larger baggy of brown powder.  Some items were located near defendant, others near Cecil, and additional contraband was accessible to both.  This evidence supported a reasonable inference that defendant and Cecil were acting together pursuant to a common plan to traffic in heroin by possession.  The trial court therefore did not err in giving the acting-in-concert instruction.

**C.**

Defendant contends the verdicts are "logically inconsistent" because the jury convicted him of trafficking in heroin by possession while acquitting him of PWISD heroin and finding him guilty of the lesser-included offense of simple possession.  We are not persuaded.

Even where verdicts might appear logically inconsistent, reversal is not required so long as the conviction is supported by sufficient evidence.  *See State v. Blackmon*, 208 N.C. App. 397, 405 (2010); *State v. Brown*, 36 N.C. App. 152, 153

(1978). Our courts distinguish between verdicts that are merely inconsistent— reflecting "an apparent flaw in the jury's logic"—and those that are mutually exclusive, meaning "that guilt of one offense necessarily negates guilt of the other." *Blackmon*, 208 N.C. App. at 403–04. Only the latter requires relief. *Id.* at 405. The verdicts here fall into the former category.

Trafficking in heroin by possession requires knowing possession of a specified weight of heroin (four grams or more) and does not require proof of intent to sell or deliver. *See State v. Lopez*, 176 N.C. App. 538, 541 (2006). PWISD heroin, by contrast, requires proof of intent. The jury could rationally find that defendant possessed (actually or constructively, and/or acting in concert) 6.36 grams of a heroin mixture while declining to find beyond a reasonable doubt the separate intent element for PWISD, notwithstanding the presence of small baggies and paraphernalia.

As the United States Supreme Court has recognized, even a conviction on a compound offense accompanied by an acquittal on a predicate offense "should not necessarily be interpreted as a windfall to the Government at the defendant's expense," because the inconsistency may result from "mistake, compromise, or lenity," and the Double Jeopardy Clause prevents the State from appealing the acquittal. *United States v. Powell*, 469 U.S. 57, 65 (1984). Because the trafficking conviction rests on substantial evidence of possession of the requisite weight, any perceived inconsistency with the PWISD acquittal does not warrant reversal.

## III.

The State presented substantial evidence that defendant constructively possessed a trafficking weight of heroin and acted together with Cecil pursuant to a common plan to possess it.  Defendant received a fair trial, free from prejudicial error.

NO ERROR.

Judges FLOOD and FREEMAN concur.

Report per Rule 30(e).